[620 NYS2d 133]

In the Matter of STEVEN R. NILES, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, December 27, 1994

**APPEARANCES OF COUNSEL**

*Frank A. Finnerty, Jr.,* Syosset *(Chris G. McDonough* of counsel), for petitioner.

OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was charged with four allegations of professional misconduct (two charges in the initial petition, and two additional charges in the supplemental petition). The Special Referee sustained all four charges. The petitioner moves to confirm the Special Referee's report.

Charge One alleged that the respondent engaged in fraud, deceit, misrepresentation, and dishonesty by improperly engaging in a continuing scheme to obtain legal referrals through the Bar Association of Suffolk County Lawyer Referral Service (hereinafter the SCLRS), by the use of recently admitted lawyers. The respondent maintained an office for the practice of law at 150 Broadhollow Road in Melville, New York. The respondent had one employee, an unadmitted law graduate named David Geller, who allegedly functioned as an office manager. The respondent utilized other support and nonlegal staff employed by the law firm from which he rented office space. The respondent advertised through the placement offices of the local law schools for recently admitted attorneys. The respondent and/or his employee David Geller would interview the candidates and offer them the opportunity to become "associated" with the respondent's practice, while at the same time remaining an independent sole practitioner. The respondent offered at least five attorneys the opportunity to become so associated with his practice at no cost, rental, or expense to them, other than paying for the services of a typist. However, the respondent did encourage and/or require these "associates" to register with the SCLRS under as many referral categories as possible, with the respondent's Melville address as the address to which the referrals were to be sent, and with the respondent's phone number as the number for the referred potential clients to call.

When potential clients called the office to speak with the attorney to whom they had been referred by the SCLRS, the calls were received by either the respondent or David Geller, and the client's matter would be discussed with them by either the respondent or Geller without any notice to the actual attorney to whom they were referred, despite the fact that there was no legal relationship between the respondent and the attorney to whom the client was referred. The respondent would attempt to insinuate himself into the matter by either (1) accepting the referral as his own, (2) taking a

supervisory role over the legal matter and improperly sharing in the fee, or (3) executing a retainer with the referred client, ostensibly on behalf of the associate but without the authority to do so or without advising the associate, of the retainer, all for the purpose of improperly sharing in legal fees rightfully belonging to the associate, or for the purpose of intercepting clients intended for his associates.

The respondent engaged in this scheme to acquire clients, despite the fact that he knew or should have known, as he was a participating lawyer in the SCLRS, that the rules of the SCLRS prohibit such actions and that such was otherwise improper due to the fact that there was no actual legal relationship between the respondent and the associates to whom the referrals were made. By developing and engaging in the above ongoing scheme to unlawfully obtain law clients through the SCLRS, the respondent has engaged in a deceitful, dishonest, and fraudulent course of professional misconduct, in direct violation of Code of Professional Responsibility DR 1-102 (A) (4) and (7) (now [8]) (22 NYCRR 1200.3 [a] [4], [7]).

Charge Two alleged that the respondent has engaged in conduct involving dishonesty, fraud, deceit, and misrepresentation by intercepting and retaining a client referred to another attorney by the SCLRS. In connection with the scheme to improperly obtain clients through the SCLRS, a potential client was referred by the SCLRS to one of the attorneys solicited by the respondent. When the client called the office of the respondent to speak with this attorney, the respondent or David Geller arranged for the client to come to the office to speak with the respondent. The client came in, spoke with David Geller, and paid the respondent $500. A retainer was executed on letterhead stationery, indicating that the attorney retained was the referral attorney despite the fact that the referral attorney was not present, and had not been "associated" with the respondent for approximately two months. The referral attorney has sworn that at the time that the referral was made she was no longer associated with the respondent's office, the respondent had no authority to accept cases or otherwise act on her behalf, that she never met with, counseled, advised, or was otherwise involved with the referred client, nor was she ever advised that the respondent was retained by the referred client.

By improperly intercepting and retaining, by fraudulent means, a referral intended for another attorney, in direct violation of his obligations as an attorney and in direct

violation of the rules of the SCLRS by which he agreed to abide, the respondent has engaged in deceitful, dishonest, and fraudulent professional misconduct in direct violation of Code of Professional Responsibility DR 1-102 (A) (4) and (7) (22 NYCRR 1200.3 [a] [4], [7]).

Charge One of the supplemental petition alleged that the respondent wrongfully and intentionally converted and misappropriated to a use not intended by his client, nor as required by his obligations as a fiduciary and attorney, the sum of $300, which was entrusted to him as escrow agent. The respondent maintained an IOLA (Interest on Lawyer Account) escrow account with European American Bank. As an escrow account, the IOLA account can contain *only* client funds, and they are held by the attorney who maintains the account in his fiduciary capacity. The respondent wrote a check from this IOLA account on July 28, 1993, in the amount of $300. This check was returned due to insufficient funds. By his failure to maintain a sufficient balance in his escrow account to meet his lawful obligations as escrow agent and attorney, the respondent wrongfully converted escrow funds to which he was not entitled as they represented funds escrowed on behalf of his clients, in direct violation of Code of Professional Responsibility DR 9-102 (A) (22 NYCRR 1200.46 [a]) and DR 1-102 (A) (4) and (7) (22 NYCRR 1200.3 [a] [4], [7]).

Charge Two of the supplemental petition alleged that the respondent has failed to maintain required escrow records. The respondent admitted, by a stipulation of the parties, that he did not maintain a ledger book or other records of transactions within the account, and failed to preserve deposit slips, cancelled checks, check stubs, monthly statements, registers, receipts or any other records relative to the transactions within that account for the 17 months that the respondent maintained that account. The respondent admitted to failing to maintain escrow records required to be kept by him in violation of Code of Professional Responsibility DR 9-102 (D) (22 NYCRR 1200.46 [d]).

After reviewing the evidence, we find that the Special Referee properly sustained the four charges of misconduct alleged against the respondent. Accordingly, the petitioner's motion to confirm the report of the Special Referee is granted.

In determining an appropriate measure of discipline to impose, we have taken into account the complete absence of any evidence of mitigating factors. The respondent is guilty of serious professional misconduct warranting his disbarment.

MANGANO, P. J., BRACKEN, SULLIVAN, BALLETTA and SAN-TUCCI, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Steven R. Niles, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Steven R. Niles shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, Steven R. Niles is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.