■ HANS DEETJEN, Respondent, v NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Appellant, and MARK ALLISON,

Respondent. [754 NYS2d 366] —In an action, inter alia, for a judgment declaring that the defendant Nationwide Mutual Fire Insurance Company is obligated to defend and indemnify the defendant Mark Allison in an underlying action entitled *Deetjen v Allison,* pending in the Supreme Court, Kings County, under Index No. 38189/98, the defendant Nationwide Mutual Fire Insurance Company appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Harkavy, J.), dated September 18, 2001, which denied its motion for summary judgment declaring that it is not obligated to defend and indemnify the defendant Mark Allison in the underlying action, and, in effect, upon searching the record, granted the plaintiff summary judgment and declared that it was obligated to defend and indemnify the defendant Mark Allison in the underlying action.

Ordered that the order and judgment is modified, by deleting the provisions thereof granting the plaintiff summary judgment, and declaring that the defendant Nationwide Mutual Fire Insurance Company is obligated to defend and indemnify the defendant Mark Allison in an underlying action entitled *Deetjen v Allison,* pending in the Supreme Court, Kings County, under Index No. 38189/98, and substituting therefor a provision granting the plaintiff partial summary judgment and declaring that the defendant Nationwide Mutual Fire Insurance Company is obligated to defend the defendant Mark Allison in the underlying action; as so modified, the order and judgment is affirmed, without costs or disbursements.

The plaintiff's decedent, Natacha Deetjen, sustained gunshot wounds from a weapon which discharged while in the defendant Mark Allison's possession. Six days later, she died as a result of those injuries. Allison was charged with murder in the second degree, manslaughter in the second degree, criminally negligent homicide, assault in the first degree, assault in the second degree, and criminal possession of a weapon in the fourth degree. After a nonjury trial, he was acquitted of all counts except criminal possession of a weapon in the fourth degree.

The plaintiff, the administrator of Natacha Deetjen's estate, commenced the underlying action against Allison, inter alia, to recover damages for wrongful death. After Allison's insurer, Nationwide Mutual Fire Insurance Company (hereinafter the appellant), disclaimed coverage, the plaintiff commenced this action seeking a declaration that the appellant is obligated to defend and indemnify Allison in the underlying action. The appellant moved for summary judgment declaring that it was not

required to defend or indemnify Allison in the underlying action, contending that there was no coverage because the shooting was not an occurrence as defined by Allison's homeowner's policy, and the policy excluded coverage for injuries that could have been reasonably expected from the insured's conduct or intended by the insured.

An insurer's duty to defend is triggered whenever the allegations in a complaint, liberally construed, suggest a reasonable possibility of coverage, or when the insurer has actual knowledge of facts establishing such a reasonable possibility (*see Frontier Insulation Contrs. v Merchants Mut. Ins. Co.,* 91 NY2d 169, 175; *Continental Cas. Co. v Rapid-American Corp.,* 80 NY2d 640, 648). An insurer may be relieved of its duty to defend only if it can establish, as a matter of law, that there is no possible factual or legal basis on which it might eventually be obligated to indemnify its insured, or by proving that the allegations fall within a policy exclusion (*see Frontier Insulation Contrs. v Merchants Mut. Ins. Co., supra* at 175; *Allstate Ins. Co. v Zuk,* 78 NY2d 41, 45). If any of the allegations arguably arise from a covered event, the insurer must defend the entire action (*see Frontier Insulation Contrs. v Merchants Mut. Ins. Co., supra* at 175).

Here, the appellant failed to demonstrate as a matter of law that the shooting was not an occurrence covered by the policy or that Allison's conduct fell wholly within a policy exclusion (*see Frontier Insulation Contrs. v Merchants Mut. Ins. Co., supra*). Consequently, the Supreme Court correctly concluded that the appellant is obligated to defend Allison in the underlying action (*see Allstate Ins. Co. v Zuk, supra*). However, a determination as to whether the appellant is obligated to indemnify Allison should await the outcome of the underlying action (*see Frontier Insulation Contrs. v Merchants Mut. Ins. Co., supra* at 178). Altman, J.P., Smith, H. Miller and Mastro, JJ., concur.