■ CITY OF NEW YORK, Respondent, v INSURANCE CORPORATION OF NEW YORK et al., Defendants, and LIBERTY MUTUAL INSURANCE Co., Appellant. [758 NYS2d 817] —In an action, inter alia, for a judgment declaring that the defendant Liberty Mutual Insurance Co. is obligated to defend and indemnify the plaintiff in an underlying action entitled *Marro v TPK Constr. Corp.,* pending in the Supreme Court, Kings County, under Index No. 1263/97, the defendant Liberty Mutual Insurance Co. appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Bruno, J.), dated October 30, 2001, as granted that branch of the plaintiff's motion which was for summary judgment declaring that Liberty Mutual Insurance Co. is obligated to defend and, if necessary, indemnify the plaintiff in the underlying action, and denied its cross motion to compel disclosure.

Ordered that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the defendant Liberty Mutual Insurance Co. is obligated to defend and, if necessary, indemnify the plaintiff in the underlying action.

The plaintiff commenced this action seeking, inter alia, a declaration that the defendant Liberty Mutual Insurance Co. (hereinafter Liberty Mutual) is obligated to defend and, if necessary, indemnify it in an underlying action entitled *Marro v TPK Constr. Corp.* The Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for summary judgment and we affirm.

An insurer's duty to defend is triggered whenever the allegations in a complaint, liberally construed, suggest a reasonable possibility of coverage, or when the insurer has actual knowledge of facts establishing such a reasonable possibility (*see Frontier Insulation Contrs. v Merchants Mut. Ins. Co.,* 91 NY2d 169, 175 [1997]; *Deetjen v Nationwide Mut. Fire Ins. Co.,* 302 AD2d 350 [2003]). An insurer may be relieved of its duty to defend only if it can establish, as a matter of law, that there is

no possible factual or legal basis upon which it might eventually be obligated to indemnify its insured, or by proving that the allegations fall wholly within a policy exclusion (*see Frontier Insulation Contrs. v Merchants Mut. Ins. Co., supra; Deetjen v Nationwide Mut. Fire Ins. Co., supra*). If any of the allegations arguably arise from a covered event, the insurer must defend the entire action (*see Frontier Insulation Contrs. v Merchants Mut. Ins. Co., supra; Deetjen v Nationwide Mut. Fire Ins. Co., supra*). Here, Liberty Mutual failed to demonstrate, as a matter of law, that there was no possible factual or legal basis upon which it might eventually be obligated to indemnify the plaintiff in the underlying action, or that the allegations therein fell wholly within a policy exclusion. Thus, the Supreme Court properly concluded that Liberty Mutual is obligated to defend the plaintiff in the underlying action. Contrary to Liberty Mutual's assertions, the Supreme Court did not determine that it was required to indemnify the plaintiff. Rather, this determination must await the outcome of the underlying action (*see Frontier Insulation Contrs. v Merchants Mut. Ins. Co., supra* at 178; *Deetjen v Nationwide Mut. Fire Ins. Co., supra*).

Liberty Mutual's remaining contentions either are not properly before this Court or are without merit.

Since this is an action for a declaratory judgment, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment declaring that Liberty Mutual is obligated to defend, and if necessary, indemnify the plaintiff in the underlying action (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Prudenti, P.J., Ritter, Feuerstein and Crane, JJ., concur.