■ MID CITY DODGE, INC., Appellant, v UNIVERSAL UNDERWRITERS INSURANCE COMPANY, Respondent. [761 NYS2d 897] —Appeal from an order of Supreme Court, Erie County (Michalek, J.), entered May 21, 2002, which granted defendant's motion for summary judgment dismissing the amended complaint and denied plaintiff's cross motion for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied, the amended complaint is reinstated, the cross motion is granted in part, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Supreme Court erred in granting defendant's motion for summary judgment dismissing the amended complaint and instead should have granted that part of plaintiff's cross motion seeking summary judgment on liability. We conclude that defendant met its initial burden on the motion by establishing that plaintiff failed to provide it with timely notice of the underlying action in accordance with terms of the insurance policy issued to plaintiff. Plaintiff, however, established that defendant had already disclaimed coverage when it first received notice of the underlying claim, and we conclude that plaintiff thereby established as a matter of law that forwarding the legal papers in the underlying action to defendant "would have been a 'useless act' " (*Moye v Thomas*, 153 AD2d 673, 674 [1989], quoting *De Forte v Allstate Ins. Co.*, 81 AD2d 465, 471 [1981], *appeal dismissed* 54 NY2d 1027 [1981]; *see also* 70A NY Jur 2d, Insurance § 1968). Thus, plaintiff's submissions defeated defendant's motion and, indeed, established plaintiff's entitlement to judgment on liability (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). We therefore reverse the order, deny defendant's motion, reinstate the amended complaint, and grant plaintiff's cross motion in part, granting judgment in favor of plaintiff on liability, and we remit this matter to Supreme Court, Erie County, to determine the damages on plaintiff's claims for indemnification under the policy and for plaintiff's attorney's fees, costs, and disbursements associated with the defense of the underlying action. Present—Pine, J.P., Hurlbutt, Gorski, Lawton and Hayes, JJ.