■ Moses Garcia, Respondent, v Utica First Insurance Company, Appellant, and S&S Budget Contracting, Inc., et al., Respondents. [776 NYS2d 824]—

In an action for a judgment declaring that the defendant Utica First Insurance Company is obligated to defend and indemnify the defendant S&S Budget Contracting, Inc., in a personal injury action entitled *Garcia v Piazza*, pending in the Supreme Court, Kings County, under Index No. 16974/01, the defendant Utica First Insurance Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Vaughan, J.), dated October 24, 2002, as denied that branch of its motion which was, in effect, for summary judgment declaring that it is not obligated to defend and denied, as premature, that branch of its motion which was, in effect, for summary judgment declaring that it is not obligated to indemnify S&S Budget Contracting, Inc., in the underlying personal injury action based on a policy exclusion for damages arising from the replacement or recovering of a roof, and as granted those branches of the plaintiff's cross motions and the separate cross motion of the defendants Salvatore Piazza and Denise Piazza, which were for summary judgment declaring that Utica First Insurance Company is obligated to defend S&S Budget Contracting, Inc., in the underlying personal injury action.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiff allegedly was injured during a construction project when he fell off a roof while removing snow. In an underlying personal injury action, he alleged damages arising, inter alia, from violations of Labor Law § 240 as against S&S Budget Contracting, Inc. (hereinafter S&S), the general contractor on the project. The plaintiff commenced this action seeking a declaration that the appellant Utica First Insurance Company (hereinafter Utica), which insured S&S, is obligated to defend and indemnify S&S in the underlying personal injury action. Utica had denied coverage to S&S on the ground, inter alia,

that the plaintiff was injured while engaged in work that fell within a policy exclusion for damages arising from the replacement or recovering of an existing roof. Utica moved, in effect, for summary judgment declaring that it is not obliged to defend or indemnify S&S in the underlying personal injury action. The plaintiff and the defendants Salvatore Piazza and Denise Piazza cross-moved for summary judgment declaring that Utica is not obligated to defend and indemnity S&S in the underlying personal injury action. The Supreme Court, inter alia, denied that branch of Utica's motion, in effect, for summary judgment declaring that it is obligated to indemnify S&S, without prejudice to renew, and granted those branches of the respondents' cross motions as sought a judgment declaring that Utica is obligated to provide a defense to S&S in the underlying personal injury action. We affirm.

The allegations within the four corners of the underlying complaint potentially give rise to a covered claim as against S&S. Thus, as Utica failed to meet its burden of demonstrating, as a matter of law, either that there is no possible legal or factual basis on which it might eventually be obligated to indemnify its insured, or that the allegations of the complaint fell wholly within the roofing exclusion, the Supreme Court properly declared that Utica was obligated to defend S&S in the underlying personal injury action (*see Frontier Insulation Contrs. v Merchants Mut. Ins. Co.*, 91 NY2d 169 [1997]; *Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304 [1984]; *Servidone Constr. Corp. v Security Ins. Co. of Hartford*, 64 NY2d 419 [1985]; *Deetjen v Nationwide Mut. Ins. Co.*, 302 AD2d 350 [2003]). Further, the court properly held that a determination as to whether Utica must also indemnify S & S was premature (*see Frontier Insulation Contrs. v Merchants Mut. Ins. Co., supra*; *Seaboard Sur. Co. v Gillette Co., supra*; *Servidone Constr. Corp. v Security Ins. Co. of Hartford, supra*; *Deetjen v Nationwide Mut. Ins. Co., supra*).

Utica's remaining contention is without merit (*see Fitzpatrick v American Honda Motor Co.*, 78 NY2d 61, 65-66 [1991]; *Green Bus Lines v Consolidated Mut. Ins. Co.*, 74 AD2d 136, 143 [1980]).

We have not considered the respondents' request for affirmative relief (*see Hecht v City of New York*, 60 NY2d 57 [1983]; *Piquette v City of New York*, 4 AD3d 402 [2004]; *Culver & Theisen v Starr Realty Co. [NE]*, 307 AD2d 910 [2003]). Ritter, J.P., S. Miller, Adams and Cozier, JJ., concur.