MERCHANTS INSURANCE OF NEW HAMPSHIRE, INC., Respondent, v JEAN WEAVER, Individually and as Parent and Guardian of JACOB WEAVER, an Infant, Appellant, et al., Defendants. [819 NYS2d 594]—

Mugglin, J. Appeal from an order of the Supreme Court (McNamara, J.), entered August 3, 2005 in Albany County, which granted plaintiff's motion for summary judgment.

Plaintiff issued a homeowner's policy to Susan Sweeney. It is not disputed that her son, defendant Joshua D. Sweeney (hereinafter Sweeney), is an insured thereunder. The policy defines "[o]ccurrence" as "an accident . . . which results . . . in: a '[b]odily injury.' " The policy covers an insured for damages for bodily injury caused by an occurrence, but excludes from coverage injury "expected or intended" by the insured. Sweeney pleaded guilty to attempted assault in the first degree, admitting that he aimed what he knew was a loaded and operable flare gun and fired it at Jacob Weaver and Weaver's friend. The fiery projectile struck Weaver, causing serious physical injuries, including the loss of his left eye.

Under these circumstances, plaintiff brought this action seeking a declaratory judgment that it owed no duty to either defend or indemnify Sweeney. After joinder of issue, plaintiff moved for summary judgment, which Supreme Court granted, finding both that Sweeney's acts were not an "[o]ccurrence" within the meaning of the policy and that the policy's intentional act exclusion applied because Sweeney intended to cause bodily injury to Weaver. Defendant Jean Weaver (hereinafter defendant), individually and as Jacob Weaver's parent, now appeals.

We reverse, based on the recent decision of the Court of Appeals in *Automobile Ins. Co. of Hartford v Cook* (7 NY3d 131 [2006]). In that case, the definition of an "occurrence" and the exclusion for intended results language contained in the policy of insurance are identical to that found herein. There, as here, the complaint alleges that the weapon was negligently discharged by an insured. As such a claim is within the " 'embrace of the policy' " (*id.* at 137, quoting *Ruder & Finn v Seaboard Sur. Co.*, 52 NY2d 663, 670 [1981]), the insurer must defend " 'even though facts outside the four corners of [the] pleadings

indicate that the claim may be meritless or not covered' "" (*Automobile Ins. Co. of Hartford v Cook, supra* at 137, quoting *Fitzpatrick v American Honda Motor Co.*, 78 NY2d 61, 63 [1991]).

With respect to the exclusion from coverage, plaintiff was required—but here failed—to show that the allegations of the complaint "cast that pleading solely and entirely within the policy exclusions, and, further, that the allegations, in toto, are subject to no other interpretation" (*Automobile Ins. Co. of Hartford v Cook, supra* at 137 [internal quotation marks omitted]). As a result, plaintiff's disclaimers based on the policy language are without merit and plaintiff must defend its insured in this action, with the issue of indemnification to await the outcome of the trial.

Furthermore, we are unpersuaded by plaintiff's argument that it properly disclaimed coverage because it did not receive notice of this occurrence as soon as practicable. Although coverage may be disclaimed as a result of a violation of this provision (*see First City Acceptance Corp. v Gulf Ins. Co.*, 245 AD2d 649, 651 [1997]), the phrase "as soon as practicable" simply requires that the insurer get notice of the occurrence within a reasonable period of time under all of the attendant circumstances (*see Mighty Midgets v Centennial Ins. Co.*, 47 NY2d 12, 19 [1979]). Here, plaintiff received notice of the occurrence within three months of the alleged incident and, in fact, disclaimed coverage on April 10, 2003, prior to the institution of this personal injury action. It is noteworthy that during this time period, the unsophisticated insured individuals were preoccupied with the criminal charges brought against Sweeney. Moreover, after suit was commenced, Sweeney was served at the state prison. Because he did not forward the papers to plaintiff, it further disclaims on this basis. While the duty to forward papers is separate from the duty to notify, as plaintiff had previously disclaimed, forwarding the papers would have been a useless act (*see Mid City Dodge v Universal Underwriters Ins. Co.*, 306 AD2d 868, 869 [2003]). Lastly, we further find lack of merit in these disclaimer arguments because plaintiff has demonstrated no resultant prejudice.

Mercure, J.P., Crew III, Rose and Kane, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.