██ KEVIN ROTUNNO et al., Respondents, v HAMILTON WILLIAM STILES, JR., Respondent, and HANOVER INSURANCE COMPANY, Appellant, et al., Defendant. [829 NYS2d 653]—

In an action, inter alia, to recover damages for fraud, the defendant Hanover Insurance Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), entered March 30, 2005, as granted the motion of the defendant Hamilton William Stiles, Jr., for a judgment declaring that it has a duty to defend and indemnify him in this action and to pay his reasonable costs, expenses, and attorneys' fees, and denied its cross motion for a judgment declaring that it has no duty to defend and indemnify the defendant Hamilton William Stiles, Jr., in this action.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof granting the motion of the defendant Hamilton William Stiles, Jr., and substituting therefor a provision granting the motion only to the extent that it sought a judgment declaring that the defendant Hanover Insurance Company has a duty to defend and indemnify the defendant Hamilton William Stiles, Jr., with respect to the eighth cause of action asserted in the amended complaint and that the recovery of costs, expenses, and attorneys' fees incurred by the defendant Hamilton William Stiles, Jr., is limited to those incurred subsequent to March 30, 2005, in defending against the eighth cause of action asserted in the amended complaint and otherwise denying the motion, and (2) deleting the provision thereof denying that branch of the cross motion of the defendant Hanover Insurance Company which was for a judgment declaring that it has no duty to defend and indemnify the defendant Hamilton William Stiles, Jr., with respect to the first through seventh causes of action and substituting a provision therefor granting those branches of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of an appropriate interlocutory judgment declaring that the defendant Hanover Insurance Company has a duty to defend and indemnify the defendant Hamilton

William Stiles, Jr., with respect to the eighth cause of action asserted in the amended complaint and that the recovery of costs, expenses, and attorneys fees incurred by the defendant Hamilton William Stiles, Jr., is limited to those incurred subsequent to March 30, 2005, in defending against the eighth cause of action asserted in the amended complaint.

The defendant Hanover Insurance Company (hereinafter Hanover) insured a home owned by the defendant Hamilton William Stiles, Jr., under a standard homeowners policy (hereinafter the policy) for the period October 10, 1998, through October 10, 1999. On September 9, 1999, Stiles sold the house to the plaintiffs.

Sometime after the sale, the plaintiffs discovered that there had been an oil leak which had contaminated the home's foundation as well as the land under it. They commenced an action asserting seven causes of action. The second cause of action was asserted directly against Hanover and sought damages under the Navigation Law.

By notice of motion dated July 31, 2003, Stiles moved, inter alia, for a judgment declaring that Hanover has a duty to defend and indemnify him in this action. Hanover cross-moved for a judgment declaring that it has no duty to defend and indemnify Stiles in this action. The plaintiffs cross-moved for leave to amend their complaint to correct a typographical error as to the section of the Navigation Law relied upon in their second cause of action against Hanover, and for summary judgment on that cause of action. In support of their cross motion, the plaintiffs attached a proposed amended complaint asserting an eighth cause of action against Stiles to recover damages under the Navigation Law. The affirmation in support of the plaintiffs' cross motion sought summary judgment against both Hanover and Stiles on that cause of action.

In the order appealed from, the Supreme Court, inter alia, granted Stiles's motion and denied Hanover's cross motion. It also granted the plaintiff's cross motion for leave to amend its complaint and for summary judgment against Hanover. The order is silent on the issue of service of the proposed amended complaint containing an eighth cause of action against Stiles and on the issue of summary judgment in favor of the plaintiffs on the eighth cause of action.

Hanover does not challenge on appeal the granting of the plaintiffs' cross motion. Indeed, Hanover concedes that summary judgment was properly granted directly against it on the issue of liability under Navigation Law § 190 as pleaded in the second cause of action of the amended complaint.

We take judicial notice of a subsequent order, dated April 4, 2006, inter alia, in effect, granting Hanover's motion for "reargument/renewal" and clarifying that the original order granted the plaintiffs leave to amend their complaint to assert their eighth cause of action against Stiles (*see* CPLR 5517 [b]; Prince, Richardson on Evidence § 2-209 [Farrell 11th ed]). Inasmuch as Hanover owes Stiles a duty to defend and indemnify him (*see e.g. Frontier Insulation Contrs. v Merchants Mut. Ins. Co.*, 91 NY2d 169, 175-177 [1997]; *Garcia v Utica First Ins. Co.*, 7 AD3d 665, 666 [2004]), against the plaintiffs' Navigation Law claim as pleaded in the eighth cause of action of the amended complaint, the Supreme Court correctly granted Stiles's motion for summary judgment in his favor on this cause of action. The remaining causes of action the plaintiffs alleged against Stiles are beyond the coverage afforded by Hanover's policy.

We limit Stiles' recovery of costs, expenses, and attorneys' fees to those incurred since the date of entry of the order appealed from, which first allowed the Navigation Law claim to be interposed against Stiles in the eighth cause of action.

Finally, we remit this matter to the Supreme Court, Suffolk County, for entry of an appropriate interlocutory judgment (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *cert denied* 371 US 901 [1962]; *210-220-230 Owners Corp. v DeRaffele*, 33 AD3d 788, 789 [2006]). Miller, J.P., Crane, Lifson and Dillon, JJ., concur.