■ FRED S. KANTROW et al., Appellants, v SECURITY MUTUAL INSURANCE COMPANY, Respondent. [854 NYS2d 738]—

In an underlying action, a minor alleges that she was "physically detained and sexually assaulted" in her own home on May 7, 2005 by the minor son of the plaintiffs in this action, Fred S. Kantrow and Marlene R. Kantrow (collectively hereinafter the Kantrows), and that she was under 14 years of age on the date of the incident.

The plaintiffs in the underlying action are the infant plaintiff, by her mother, and the mother individually. The Kantrows are the only defendants named in the underlying action; the Kantrows' son is not named as a defendant. The plaintiffs in the underlying action allege that the infant plaintiff suffered serious injuries because of the Kantrows' negligent parental supervision, specifically their "careless and negligent . . . failure to properly supervise their 'minor' son, who the [Kantrows] knew had a predisposition to commit sexual acts." Further, they assert that the incident occurred "due to negligent acts [by] the [Kantrows], in causing and allowing and/or permitting the

infant plaintiff to be willfully, maliciously and physically detained and sexually assaulted, [and] in failing to prevent . . . the occurrence." The infant seeks to recover damages for physical and emotional injuries, while the mother asserts a derivative cause of action.

The Kantrows thereafter commenced the instant action for a judgment declaring that the defendant insurer Security Mutual Insurance Company (hereinafter Security), their homeowner's insurer at the time of the alleged incident, is obligated to defend and indemnify them in the underlying action. Security moved for summary judgment, arguing that it properly disclaimed coverage because the conduct at issue in the underlying complaint was not an accident, and therefore not a covered "occurrence" under the policy, and because the injuries resulting from the alleged sexual abuse and child abuse committed by the Kantrows' son was specifically excluded by the policy. The Supreme Court granted Security's motion. We affirm.

Security properly disclaimed coverage under exclusion 1 (h) of the subject policy, which specifically excludes "bodily injury . . . caused intentionally by or at the direction of any insured." In the underlying action, all of the injuries allegedly sustained by the infant plaintiff and her mother are alleged to have resulted solely from the intentional sexual assault of the infant plaintiff by the Kantrows' son, who is an "insured" as defined by the policy. Further, exclusions 1 (m) and (n) specifically exclude coverage for child abuse or sexual abuse, with such exclusions deemed to apply regardless of whether claims are made directly, indirectly, or derivatively as sounding in negligence. Thus, despite the fact that the underlying complaint couches its allegations against the Kantrows in negligence by asserting that the Kantrows permitted or failed to stop their son's conduct, coverage is excluded, since the gravamen of the underlying action seeks to hold the Kantrows liable for the injuries resulting from their son's intentional acts (*see Allstate Ins. Co. v Mugavero*, 79 NY2d 153, 163-164 [1992]; *see also Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304, 311 [1984]; *Essex Ins. Co. v Pingley*, 41 AD3d 774, 777 [2007]).

Moreover, Security also properly disclaimed coverage on the ground that the alleged incident is not an accident, and therefore not a covered "occurrence." Given that the Kantrows' son is alleged to have intentionally sexually assaulted the infant plaintiff in the underlying action, who at the time of the alleged incident was under 14 years old, any resulting injuries she sustained are deemed to have inherently flowed from his conduct (*see Allstate Ins. Co. v Mugavero*, 79 NY2d at 161, 163; *see also Allstate Ins. Co. v Schimmel*, 22 AD3d 616 [2005]).

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that Security is not obligated to defend and indemnify the Kantrows in the underlying action (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]; *Preferred Mut. Ins. Co. v SAV Carpentry, Inc.*, 44 AD3d 921, 923 [2007]). Prudenti, P.J., Miller, Dillon and McCarthy, JJ., concur.