■ Devon Rhodes et al., Respondents, v Liberty Mutual Insurance Co., Appellant, et al., Defendants. [892 NYS2d 403]—

In an action, inter alia, for a judgment declaring that the defendant Liberty Mutual Insurance Co. is obligated to defend and indemnify the plaintiff Devon Rhodes in an underlying personal injury action entitled *David v Robins,* pending in the Supreme Court, Suffolk County, under index No. 08-16360, the defendant Liberty Mutual Insurance Co. appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated April 27, 2009, as granted that branch of the plaintiffs' cross motion which was for summary judgment on so much of the first cause of action as sought a judgment declaring that the defendant Liberty Mutual Insurance Co. is obligated to defend the plaintiff Devon Rhodes in the underlying personal injury action in accordance with the terms of the subject homeowner's insurance policy.

Ordered that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the defendant Liberty Mutual Insurance Co. is obligated to defend the plaintiff Devon Rhodes in the underlying personal injury action in accordance with the terms of the subject homeowner's insurance policy.

Preliminarily, the Supreme Court did not err in considering the plaintiffs' cross motion for summary judgment, which was made before issue was joined, since the parties charted a summary judgment course by treating the motion as if issue had been joined (*see Becher v Feller,* 64 AD3d 672, 676-677 [2009]; *Roche v Claverack Coop. Ins. Co.,* 59 AD3d 914, 916 [2009]; *Kline v Town of Guilderland,* 289 AD2d 741, 741 n [2001]).

Generally, it is the insured's burden to establish coverage and the insurer's burden to prove the applicability of an exclusion (*see Consolidated Edison Co. of N.Y. v Allstate Ins. Co.,* 98 NY2d 208, 218-220 [2002]; *Barkan v New York Schools Ins. Reciprocal,* 65 AD3d 1061 [2009]). Moreover, an insurer's duty to defend is broader than its duty to indemnify, and arises whenever the allegations in the complaint in the underlying action, construed liberally, suggest a reasonable possibility of coverage, or where the insurer has actual knowledge of facts establishing such a reasonable possibility (*see Frontier Insulation Contrs. v Merchants Mut. Ins. Co.,* 91 NY2d 169, 175 [1997]; *Burlington Ins. Co. v Guma Constr. Corp.,* 66 AD3d 622 [2009]; *City of New York v Insurance Corp. of N.Y.,* 305 AD2d 443 [2003]). As such, the duty to defend arises if the claims against the insured arguably arise from a covered event, even if the claims may be meritless or not covered, either because the insured is not liable or because the event is later determined outside the policy's scope

of coverage (*see Automobile Ins. Co. of Hartford v Cook*, 7 NY3d 131, 137 [2006]; *Fitzpatrick v American Honda Motor Co.*, 78 NY2d 61, 65-66 [1991]; *Physicians' Reciprocal Insurers v Loeb*, 291 AD2d 541, 542 [2002]). An insurer can be relieved of its duty to defend only "if it establishes as a matter of law that there is no possible factual or legal basis on which it might eventually be obligated to indemnify its insured under any policy provision" (*Allstate Ins. Co. v Zuk*, 78 NY2d 41, 45 [1991]; *see Continental Cas. Co. v Rapid-American Corp.*, 80 NY2d 640, 652 [1993]; *Physicians' Reciprocal Insurers v Giugliano*, 37 AD3d 442, 444 [2007]).

Here, the plaintiffs established that Devon Rhodes (hereinafter Rhodes) was entitled to coverage under the homeowner's insurance policy issued to her parents (*see Consolidated Edison Co. of N.Y. v Allstate Ins. Co.*, 98 NY2d at 218, 220; *Barkan v New York Schools Ins. Reciprocal*, 65 AD3d 1061 [2009]). In contrast, the defendant Liberty Mutual Insurance Co. (hereinafter Liberty) failed to establish that "there is no possible factual or legal basis on which it might eventually be obligated to indemnify its insured under any policy provision" (*Allstate Ins. Co. v Zuk*, 78 NY2d at 45). The complaint in the underlying action alleges, inter alia, that while attending a teenage party at which alcohol was served, Rhodes' "recklessness, carelessness, and negligence" caused serious personal injuries to Alava David, the plaintiff in the underlying action. Construing the complaint liberally, a possible legal or factual basis exists by which Rhodes's conduct may be deemed accidental and, therefore, a covered "occurrence" under the subject Liberty policy, and not excluded from coverage on the ground that the personal injuries allegedly sustained by David were expected or intended by Rhodes (*see Frontier Insulation Contrs. v Merchants Mut. Ins. Co.*, 91 NY2d 169, 175 [1997]; *City of New York v Insurance Corp. of N.Y.*, 305 AD2d 443 [2003]; *see also Automobile Ins. Co. of Hartford v Cook*, 7 NY3d 131, 137-138 [2006]; *Merchants Ins. of N.H., Inc. v Weaver*, 31 AD3d 945 [2006]).

Liberty's argument that obligating it to defend Rhodes in the underlying action raises a conflict of interest is not properly before this Court, as Liberty failed to raise it before the Supreme Court (*see Granderson v City of White Plains*, 29 AD3d 739 [2006]; *Kohilakis v Town of Smithtown*, 167 AD2d 513 [1990]).

Since the complaint asserts a cause of action for a declaratory judgment, we remit the matter to the Supreme Court, Suffolk County, for the entry of a judgment declaring that Liberty is obligated to defend Rhodes in the underlying personal injury action pursuant to the subject homeowner's insurance policy (*see*

*Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Mastro, J.P., Santucci, Belen and Chambers, JJ., concur.