■ Kevin Finn, Respondent, v Church for the Art of Living, Inc., et al., Defendants, and Jesus is the Way Ministries, Inc., Appellant. [935 NYS2d 93]—

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

This interpleader action arises from a contract between two not-for-profit corporations for the sale of real property located on Clinton Avenue in Hempstead (hereinafter the property). The defendant Jesus is the Way Ministries, Inc. (hereinafter the purchaser), contracted to purchase the property from the defendant Church for the Art of Living, Inc. (hereinafter the sell-

er). The purchaser was a tenant of the seller in the building to be purchased. The plaintiff, Kevin Finn, was the attorney for the seller. He commenced this interpleader action, inter alia, to collect his fees for the work he performed in this failed transaction.

Upon signing the contract in July 2008, the purchaser remitted a down payment of $50,000, which Finn held in his escrow account. The seller attempted to schedule a closing in December 2008, declaring time of the essence. The purchaser did not attend the closing, contending that the seller had failed to make repairs to the building as required by the contract of sale.

In May 2009, the seller filed for chapter 11 bankruptcy protection in bankruptcy court, where Finn sought to recover his fee from the $50,000 held in escrow. However, in January 2010, the seller withdrew that petition, and the bankruptcy court dismissed the proceeding. Within days thereafter, the seller wrote to Finn, stating that it no longer wanted Finn to represent it, and instructing him to return the down payment to the purchaser in that the seller and purchaser had settled their dispute between them. The seller's new attorney and the purchaser also wrote to Finn, instructing him to return the down payment to the purchaser. Instead, however, Finn commenced this interpleader action, seeking a declaration that the purchaser defaulted in the real estate transaction and forfeited the down payment to the seller, and further seeking to recover his fee, plus his own attorney's fee and expenses in litigating this interpleader action, from the escrowed funds. Finn subsequently moved for summary judgment on the complaint, and the purchaser cross-moved to dismiss for lack of personal jurisdiction. The Supreme Court granted the motion and denied the cross motion.

The Supreme Court properly determined that the purchaser waived any objection to personal service by appearing and actively participating in the action (*see USF&G v Maggiore*, 299 AD2d 341, 342 [2002]; *Matter of Roslyn B. v Alfred G.*, 222 AD2d 581, 582 [1995]). Further, the Supreme Court did not err in considering the plaintiff's motion for summary judgment, "which was made before issue was joined, since the parties charted a summary judgment course by treating the motion as if issue had been joined" (*Rhodes v Liberty Mut. Ins. Co.*, 67 AD3d 881, 882 [2009]).

An escrow account contains only client funds, which are held by the attorney in his fiduciary capacity (*see Matter of Niles*, 207 AD2d 50, 53 [1994]). Here, the ownership of the funds in the escrow account was, at one time, a matter of dispute.

However, once the seller and the purchaser resolved that dispute and instructed Finn, as escrowee, to disburse the funds to the purchaser, he was under an obligation to do so. Accordingly, Finn did not satisfy his prima facie burden of establishing entitlement judgment as a matter of law, and upon searching the record (*see* CPLR 3212 [b]), the purchaser is entitled to summary judgment dismissing the complaint insofar as asserted against it, with a direction that the funds in the escrow account be turned over to the purchaser. Angiolillo, J.P., Hall, Austin and Miller, JJ., concur.