In an action for a judgment declaring that the plaintiff is not *807 obligated to defend or indemnify the defendant Joseph M. in an underlying action pending in the Supreme Court, Suffolk County, under index No. 14525/07, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Molia, J„), dated November 30, 2011, which denied its motion for summary judgment declaring that it is not obligated to defend or indemnify the defendant Joseph M. in the underlying action.
Ordered that the order is reversed, on the law, with one bill of costs, the plaintiff’s motion for summary judgment declaring that it is not obligated to defend or indemnify the defendant Joseph M. in the underlying action is granted, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the plaintiff is not obligated to defend or indemnify the defendant Joseph M. in the underlying action pending in the Supreme Court, Suffolk County, under index No. 14525/07.
The plaintiff commenced this action for a judgment declaring that it is not obligated to defend or indemnify the defendant Joseph M. in an underlying action pending in the Supreme Court, Suffolk County, under index No. 14525/07. The plaintiff moved for summary judgment declaring that it is not so obligated, and the Supreme Court denied the motion.
“[A]n insurer’s duty to defend is broader than its duty to indemnify, and arises whenever the allegations in the complaint in the underlying action, construed liberally, suggest a reasonable possibility of coverage, or where the insurer has actual knowledge of facts establishing such a reasonable possibility” (Rhodes v Liberty Mut. Ins. Co., 67 AD3d 881, 882 [2009]; see Frontier Insulation Contrs. v Merchants Mut. Ins. Co., 91 NY2d 169, 175 [1997]). An insurer can be relieved of its duty to defend only “if it establishes as a matter of law that there is no possible factual or legal basis on which it might eventually be obligated to indemnify its insured under any policy provision” (Allstate Ins. Co. v Zuk, 78 NY2d 41, 45 [1991]; see Rhodes v Liberty Mut. Ins. Co., 67 AD3d at 882).
Here, Joseph M. allegedly was insured under a homeowner’s insurance policy issued by the plaintiff to his parents, which provided personal liability coverage for claims made against an insured for damages because of bodily injury caused by an “occurrence.” The policy defined the term “occurrence” as “an accident . . . which result[ed] in . . . bodily injury.”
The complaint in the underlying action alleged that the plaintiff in that action sustained bodily injury due to a sexual assault perpetrated by Joseph M. Since the bodily injuries allegedly sustained by the plaintiff in the underlying action were *808 inherent in the conduct that Joseph M. allegedly engaged in, the alleged sexual assault cannot be construed as an accident within the definition of “occurrence” for which the plaintiffs policy affords coverage (see Allstate Ins. Co. v Mugavero, 79 NY2d 153, 161 [1992]; Kantrow v Security Mut. Ins. Co., 49 AD3d 818, 819 [2008]; Allstate Ins. Co. v Schimmel, 22 AD3d 616, 616-617 [2005]; Tangney v Burke, 21 AD3d 367, 368 [2005]; Utica Fire Ins. Co. of Oneida County, N.Y. v Shelton, 226 AD2d 705, 706 [1996]; cf. Automobile Ins. Co. of Hartford v Cook, 7 NY3d 131 [2006]; Medrano v State Farm Fire & Cas. Co., 54 AD3d 662, 664 [2008]). Nor may the defendants “exalt form over substance by labeling the [underlying] action as one to recover damages for negligence” (Allstate Ins. Co. v Schimmel, 22 AD3d at 616).
Since the plaintiff met its prima facie burden of demonstrating its entitlement to judgment as a matter of law, and, in opposition, the defendants failed to raise a triable issue of fact, the Supreme Court should have granted the plaintiffs motion for summary judgment declaring that it is not obligated to defend or indemnify Joseph M. in the underlying action (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
In light of the foregoing, we need not reach the parties’ remaining contentions.
Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the plaintiff is not obligated to defend or indemnify Joseph M. in the underlying action pending in the Supreme Court, Suffolk County, under index No. 14525/07 (see Lanza v Wagner, 11 NY2d 317, 334 [1962], appeal dismissed 371 US 74 [1962], cert denied 371 US 901 [1962]). Mastro, J.E, Rivera, Chambers and Miller, JJ., concur.