■ GMM REALTY, LLC, Plaintiff, and FAIRFIELD PROPERTIES, Appellant, v ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Respondent. [11 NYS3d 661]—

In an action, inter alia, for a judgment declaring that the defendant is obligated to defend and indemnify Fairfield Properties in an underlying action entitled *Hollwedel v Hyman*, pending in the Supreme Court, Suffolk County, under index No. 20898/03, the plaintiff Fairfield Properties appeals from an order of the Supreme Court, Suffolk County (Gazzillo, J.), dated December 4, 2012, which denied its motion for summary judgment declaring that the defendant is obligated to defend it in the underlying action and granted the defendant's cross motion for summary judgment declaring that it is not so obligated.

Ordered that the order is reversed, on the law, with costs, the motion of the plaintiff Fairfield Properties for summary judgment declaring that the defendant is obligated to defend it in the underlying action is granted, the defendant's cross motion for summary judgment declaring that it is not so obligated

is denied, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, declaring that the defendant is obligated to defend Fairfield Properties in the underlying action entitled *Hollwedel v Hyman*, pending in the Supreme Court, Suffolk County, under index No. 20898/03.

GMM Realty, LLC, and Fairfield Properties (hereinafter Fairfield) commenced this action, inter alia, for a judgment declaring that the defendant is obligated to defend and indemnify them in an underlying action pending in the Supreme Court. Fairfield subsequently moved for summary judgment declaring that the defendant is obligated to defend it in the underlying action, and the defendant cross-moved for summary judgment declaring that it is not so obligated.

" '[A]n insurer's duty to defend is broader than its duty to indemnify, and arises whenever the allegations in the complaint in the underlying action, construed liberally, suggest a reasonable possibility of coverage, or where the insurer has actual knowledge of facts establishing such a reasonable possibility' " (*State Farm Fire & Cas. Co. v Joseph M.*, 106 AD3d 806, 807 [2013], quoting *Rhodes v Liberty Mut. Ins. Co.*, 67 AD3d 881, 882 [2009]; *see Frontier Insulation Contrs. v Merchants Mut. Ins. Co.*, 91 NY2d 169, 175 [1997]). An insurer can be relieved of its duty to defend only "if it establishes as a matter of law that there is no possible factual or legal basis on which it might eventually be obligated to indemnify its insured under any policy provision" (*Allstate Ins. Co. v Zuk*, 78 NY2d 41, 45 [1991]; *see Rhodes v Liberty Mut. Ins. Co.*, 67 AD3d at 882).

Here, Fairfield contends that it is an additional insured under an insurance policy which provided additional insured coverage to real estate managers of the building where the accident at issue in the underlying action occurred. The second amended complaint in the underlying action alleged that Fairfield, inter alia, managed and maintained the subject building, and that its negligence in doing so caused injuries to the plaintiff in the underlying action. Those allegations suggested a reasonable possibility of coverage for Fairfield in the underlying action, and therefore triggered the defendant's duty to defend Fairfield in that action (*see BP A.C. Corp. v One Beacon Ins. Group*, 8 NY3d 708, 714-715 [2007]; *Zurich-American Ins. Cos. v Atlantic Mut. Ins. Cos.*, 74 NY2d 621, 623 [1989]; *Stellar Mech. Servs. of N.Y., Inc. v Merchants Ins. of N.H.*, 74 AD3d 948, 952 [2010]). In opposition to the motion, the defendant failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted Fairfield's motion for summary

judgment declaring that the defendant is obligated to defend it in the underlying action, and should have denied the defendant's cross motion for summary judgment declaring that it is not so obligated (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, declaring that the defendant is obligated to defend Fairfield in the underlying action (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962]). Chambers, J.P., Dickerson, LaSalle and Barros, JJ., concur.