HSBC Bank USA, N.A. v Taub (2019 NY Slip Op 02319)





HSBC Bank USA, N.A. v Taub


2019 NY Slip Op 02319


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
ROBERT J. MILLER
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2017-06634
 (Index No. 9204/09)

[*1]HSBC Bank USA, N.A., respondent, 
v
Aryeh Taub, appellant, et al., defendants.


Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi and Aveet Basnyat of counsel), for appellant.
McCabe, Weisberg & Conway, LLC, New Rochelle, NY (Melisa Zukic and Mars Khaimov of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Aryeh Taub appeals from an order of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated May 31, 2017. The order, insofar as appealed from, denied that defendant's motion (1) pursuant to CPLR 5015(a)(4) to vacate (a) an order of the same court (Herbert Kramer, J.) dated November 17, 2009, granting that branch of the plaintiff's motion which was pursuant to CPLR 308(5) for leave to serve him by an alternative method, (b) so much of an order of the same court (Sylvia G. Ash, J.) dated September 5, 2013, as granted that branch of the plaintiff's motion which was for an order of reference, (c) so much of an order of the same court (Sylvia G. Ash, J.) dated November 30, 2016, as granted the plaintiff's motion for a judgment of foreclosure and sale, and (d) a judgment of foreclosure and sale of the same court (Sylvia G. Ash, J.) dated December 8, 2016, and (2) pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
ORDERED that the order dated May 31, 2017, is affirmed insofar as appealed from, with costs.
In April 2009, the plaintiff commenced this action against, among others, the defendant Aryeh Taub (hereinafter the defendant) to foreclose a mortgage on residential property located at 471 Liberty Avenue in Brooklyn. In October 2009, the plaintiff moved, ex parte, inter alia, for leave to serve the defendant by publication. In an order dated November 17, 2009, the Supreme Court granted that branch of the plaintiff's motion to the extent of directing the plaintiff to serve the defendant by certified mail at the 471 Liberty Avenue address and, among other things, by delivering the papers to a person of suitable age and discretion at a different address in Brooklyn and at an address in Queens. Thereafter, the defendant failed to appear or answer the complaint. In an order dated September 5, 2013, the court granted the plaintiff's motion, inter alia, for leave to enter a default judgment against the defendant and for an order of reference.
In an order dated February 24, 2015, the Supreme Court conditionally dismissed the action unless the plaintiff filed a note of issue or otherwise proceeded by motion for entry of judgment within 90 days. On June 4, 2015, the action was dismissed. On June 10, 2015, the plaintiff moved for a judgment of foreclosure and sale. The defendant opposed the motion and [*2]cross-moved to impose sanctions against the plaintiff, arguing that the plaintiff had not moved to vacate the dismissal of the action. The plaintiff then moved to vacate the dismissal and restore the action to the active calendar. The defendant opposed the motion on the ground that the plaintiff failed to provide an excuse for its delay in moving to vacate the dismissal. In an order dated November 30, 2016, the court granted the plaintiff's motion to vacate the dismissal and restore the action to the active calendar, and the plaintiff's separate motion for a judgment of foreclosure and sale. The court also granted the defendant's cross motion for sanctions, and directed the plaintiff to pay the defendant's counsel the sum of $4,000. Subsequently, the court issued a judgment of foreclosure and sale dated December 8, 2016.
On January 4, 2017, the defendant moved pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale, so much of the order dated November 30, 2016, as granted the plaintiff's motion for a judgment of foreclosure and sale, so much of the order dated September 5, 2013, as granted that branch of the plaintiff's motion which was for an order of reference, and the order dated November 17, 2009. The defendant also moved pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. The plaintiff cross-moved pursuant to CPLR 306-b for an extension of time to re-serve the summons and complaint on the defendant. In an order dated May 31, 2017, the Supreme Court denied the defendant's motion, and denied the plaintiff's cross motion as academic. The defendant appeals from so much of the order dated May 31, 2017, as denied his motion.
"A defendant may waive the issue of lack of personal jurisdiction by appearing in an action, either formally or informally, without raising the defense of lack of personal jurisdiction in an answer or pre-answer motion to dismiss" (Cadlerock Joint Venture, L.P. v Kierstedt, 119 AD3d 627, 628; see Taveras v City of New York, 108 AD3d 614, 617; Finn v Church for the Art of Living, Inc., 90 AD3d 826, 827). Here, by opposing the plaintiff's motions, including its motion for a judgment of foreclosure and sale, and cross-moving for sanctions against the plaintiff, the defendant engaged in significant activity after his statutory time to answer had expired, which amounted to an informal appearance (see Matter of Sessa v Board of Assessors of Town of N. Elba, 46 AD3d 1163, 1166). The record indicates that the defendant's counsel appeared in court on at least 11 occasions without raising the jurisdictional objection. Therefore, the defendant waived any objection on the ground of lack of personal jurisdiction (see Finn v Church for the Art of Living, Inc., 90 AD3d at 827; Matter of Roslyn B. v Alfred G., 222 AD2d 581, 582).
The defendant's remaining contentions need not be reached in light of our determination.
Accordingly, we agree with the Supreme Court's determination to deny the defendant's motion pursuant to CPLR 5015(a)(4) to vacate, inter alia, the judgment of foreclosure and sale, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
SCHEINKMAN, P.J., MILLER, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court