Deutsche Bank Natl. Trust Co. v Abrahim (2020 NY Slip Op 02763)





Deutsche Bank Natl. Trust Co. v Abrahim


2020 NY Slip Op 02763


Decided on May 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2017-00448
 (Index No. 11037/10)

[*1]Deutsche Bank National Trust Company, etc., respondent,
v
Romanie Abrahim, appellant, et al., defendants.


Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Charles Jeanfreau of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Romanie Abrahim appeals from an order of the Supreme Court, Queens County (Lee A. Mayersohn, J.), entered November 14, 2016. The order, insofar as appealed from, denied those branches of that defendant's motion which were pursuant to CPLR 5015(a)(4) or, in the alternative, pursuant to CPLR 5015(a)(1) and 3012(d) to vacate her default and for leave to interpose a late answer.
ORDERED that the order is affirmed insofar as appealed from, with costs.
This mortgage foreclosure action was commenced in 2010 against the defendant Romanie Abrahim (hereinafter the defendant), who is the mortgagor, and others. According to the affidavit of service, the defendant was personally served at her home on May 13, 2010. Although the defendant failed to timely interpose an answer, she participated in foreclosure settlement conferences. In October 2012, the defendant appeared and unsuccessfully moved to restore the action to the foreclosure settlement conference part. In June 2014, the defendant moved, inter alia, pursuant to CPLR 5015(a)(4) or, in the alternative, pursuant to CPLR 5015(a)(1) and 3012(d) to vacate her default and for leave to interpose a late answer. The Supreme Court denied those branches of the defendant's motion, and the defendant appeals.
Contrary to the defendant's contention, her bare and unsubstantiated denial of service was insufficient to overcome the presumption raised by the affidavit of service (see HSBC Bank USA v Archer, 173 AD3d 984, 985; PNC Bank, N.A. v Bannister, 161 AD3d 1114, 1115-1116). Moreover, the defendant waived the issue of lack of personal jurisdiction by appearing in the action in 2012 and seeking affirmative relief from the court without raising the defense of lack of personal jurisdiction (see HSBC Bank USA, N.A. v Taub, 170 AD3d 1128, 1129-1130; Taveras v City of New York, 108 AD3d 614, 617; Finn v Church for the Art of Living, Inc., 90 AD3d 826, 827).
A defendant seeking to vacate a default in answering a complaint pursuant to CPLR 5015(a)(1) and to compel the plaintiff to accept an untimely answer pursuant to CPLR 3012(d) must show both a reasonable excuse for the default and the existence of a potentially meritorious defense (see US Bank N.A. v Dedomenico, 162 AD3d 962, 964; Wells Fargo Bank, N.A. v Pelosi, 159 AD3d [*2]852, 853). Here, the defendant failed to offer any reasonable excuse that would warrant vacatur of her default (see Wells Fargo Bank, N.A. v Pelosi, 159 AD3d at 853; HSBC Bank USA, N.A. v Lafazan, 115 AD3d 647, 648; U.S. Bank N.A. v Slavinski, 78 AD3d 1167, 1167-1168). Under these circumstances, it is unnecessary for us to consider whether the defendant demonstrated the existence of a potentially meritorious defense (see HSBC Bank USA, N.A. v Lafazan, 115 AD3d at 648; U.S. Bank N.A. v Stewart, 97 AD3d 740).
CHAMBERS, J.P., ROMAN, COHEN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court