JOAN RUBINO et al., Appellants, v CITY OF NEW YORK, Defendant, and BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.

First Department, March 14, 1989

### APPEARANCES OF COUNSEL

*L. Kevin Sheridan* of counsel *(Jesse C. Sable,* attorney), for appellants.

*Linda H. Young* of counsel *(Edward F. X. Hart* with her on the brief; *Peter L. Zimroth, Corporation Counsel,* attorney), for respondent.

### OPINION OF THE COURT

Asch, J.

Plaintiff Joan Rubino was injured on April 21, 1980, in a school yard controlled by the defendant Board of Education. Timely notice of claim was served. However, although a summons and complaint was served on the City of New York on April 7, 1981, listing both the city and the Board of Education as defendants, no process was ever served upon the Board of Education. The Corporation Counsel answered on behalf of the city only, in July 1981. Thereafter, however, the Corporation Counsel conducted itself as representing both the city and the Board of Education. The Corporation Counsel served a notice to take depositions, in March 1982, as attorney for "defendants". An examination before trial was held in June 1982, at which the city acted on behalf of both defendants. Trial, on the issue of liability only, commenced in March 1984, at which the city represented both defendants. After the plaintiffs' case was completed, the trial court dismissed the complaint. Upon appeal, in September 1985, we affirmed the dismissal as against the city, but held, as to the Board of Education, that the complaint should be reinstated, and directed a new trial against it (114 AD2d 243). Following this remand, the Corporation Counsel waited until October 9, 1987, again acting as attorney for "defendants", to move to dismiss the complaint on the ground jurisdiction was never obtained over the Board of Education. The IAS court granted the motion pursuant to CPLR 3211 (a) (8).

▪ The finding of the court at nisi prius that the Corporation Counsel had never acted as attorney for the Board of Education was clearly erroneous. Numerous papers served in this proceeding list the Corporation Counsel as attorney for "defendants". Indeed, the judgment entered after trial recites

"on motion of * * * [the] Corporation Counsel, attorney for the City of New York and The Board of Education of the City of New York". On the appeal to this court, the Corporation Counsel represented itself as attorney for the "defendants". No issue was raised in either court questioning jurisdiction over the Board of Education.

■ When a defendant participates in a lawsuit on the merits, he indicates his intention to submit to the court's jurisdiction over the action. By appearing "informally" in this manner, he confers in personam jurisdiction on the court (see, McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C320:2, at 363-364; 1 Weinstein-Korn-Miller, NY Civ Prac ¶ 320.12; Taylor v Taylor, 64 AD2d 592).

While defendant Board contends there could be no informal appearance because it did not have knowledge of the lawsuit, this argument was not raised below nor was any evidence submitted to the IAS court showing that the Board was unaware of the action. Since there was a trial on liability, it appears likely the Corporation Counsel had some contact with employees of the Board of Education in preparing this case relating to an incident which took place on Board property. In any event, the absence of any evidence in the record herein to the contrary precludes a determination that the Board of Education was without knowledge of the action.

■ The Corporation Counsel also contends that any appearance by it was unauthorized by the Board. Once more, there is no evidence in the record showing that such is the case. Moreover, the Corporation Counsel, by statute, is authorized to appear for the Board of Education and is, in fact, the only counsel who can appear for the Board. Here, the purportedly unauthorized appearance is by the Corporation Counsel, who is both lawfully and by common knowledge the only person who could appear for the defendant. Under these circumstances, there appears to be no unfairness in holding that the Board is bound by such appearance.

■ The defendant also contends that any conduct by the Corporation Counsel which could be construed as an informal appearance did not occur until after the expiration of the applicable Statute of Limitations, i.e., pursuant to General Municipal Law § 50-i, in July 1981, 1 year and 90 days after the occurrence of the injury. The Corporation Counsel asserts that any acts by it which would constitute an informal appearance occurred after the expiration of that period and cites

*Guilford v Brody* (237 App Div 726 [an appearance after the Statute of Limitations has expired is invalid and cannot be construed to confer personal jurisdiction]). We agree with our prior holding in *Guilford,* but the defenses of personal jurisdiction and the Statute of Limitations, available to a defendant who appears informally, must be timely asserted, just as in a formal appearance, or they are otherwise waived.

Here, both the defenses of lack of jurisdiction and the Statute of Limitations were not timely raised or preserved. The egregious delay in raising the defenses has clearly been prejudicial to the plaintiffs. This matter was not only tried on liability, but was modified on appeal and remanded for a new trial before any motion was made attacking the jurisdiction of the court or raising the defense of the Statute of Limitations.

While defendant correctly asserts that estoppel will not generally lie against a public agency *(Morley v Arricale,* 66 NY2d 665, 667), this doctrine was not inflexible. Indeed, this court has held that a municipal defendant may be estopped by its conduct from pleading the Statute of Limitations *(see, Robinson v City of New York,* 24 AD2d 260). Similarly, municipal defendants may be estopped from asserting noncompliance with a notice of claim statute *(Bender v New York City Health & Hosps. Corp.,* 38 NY2d 662, 668). Therefore, even assuming that an informal appearance is a form of estoppel, in a proper case such estoppel will lie against a municipal defendant.

While the defendant also correctly notes that the city lacks the power to waive the Statute of Limitations *(Kassner & Co. v City of New York,* 46 NY2d 544), where the waiver results as a matter of law from the failure to raise the defense either in a pleading or by motion in a pending action, a municipal defendant, like any other, will thereafter be precluded from raising such a defense *(Reilley v City of New York,* 273 App Div 1014, *affd without opn* 298 NY 710).

■ Defendant here proceeded to trial and appeal, represented by the Corporation Counsel, without ever raising the defense of personal jurisdiction or Statute of Limitations. Such a participation on the merits of the action constituted an informal appearance conferring jurisdiction upon the court and, under the circumstances of this case, a waiver of these personal defenses. Defendant did not show that it was without knowledge of the lawsuit and, given the extent of the defendant's participation in this action, it cannot now complain

that the Corporation Counsel was not authorized to defend the action.

Accordingly, the order of the Supreme Court, Bronx County (Hansel McGee, J.), entered October 28, 1987, which granted the motion by defendant Board of Education of the City of New York for an order dismissing the complaint for lack of personal jurisdiction pursuant to CPLR 3211 (a) (8), should be reversed, on the law, and the motion denied, without costs or disbursements.

SULLIVAN, J. P., MILONAS, ELLERIN and WALLACH, JJ., concur.

Order, Supreme Court, Bronx County, entered on October 28, 1987, unanimously reversed, on the law, and the motion denied, without costs and without disbursements.