■ Arjelia M. Taveras et al., Respondents, v City of New York et al., Appellants. [969 NYS2d 481]—

In an action, inter alia, to recover damages for wrongful death, etc., the defendants appeal from an order of the Supreme Court, Kings County (Velasquez, J.), dated September 2, 2011, which denied their motion for summary judgment dismissing the complaint or, alternatively, pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against the defend-

ants Lifeguard Ilienko and Lifeguard Ricardo Sewell for lack of personal jurisdiction, and pursuant to CPLR 3215 (c) to dismiss the complaint insofar as asserted against the defendant Detective James O'Malley as abandoned.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants' motion which was pursuant to CPLR 3215 (c) to dismiss the complaint insofar as asserted against the defendant Detective James O'Malley, and substituting therefor a provision granting that branch of the defendants' motion; as so modified, the order is affirmed, without costs or disbursements.

On June 12, 2005, Luis Alberto Peralta, also known as Luis A. Peralta Taveras (hereinafter the decedent), drowned while swimming at the public ocean beach at Coney Island in Brooklyn. In August 2006, the plaintiffs, the administrators of the decedent's estate, commenced this action to recover damages, inter alia, for wrongful death against the City of New York, Lifeguard John Doe No.1, Lifeguard John Doe No.2, and Police Officer John Doe. After the City answered the complaint, in December 2008, the plaintiffs served upon the City a notice of substitution pursuant to CPLR 1024 substituting as defendants Lifeguard Ilienko, Lifeguard Ricardo Sewell, and Detective James O'Malley in place of the John Doe defendants. Along with that notice, the plaintiffs provided to the City a summons and amended complaint, dated December 1, 2008, reflecting the substitution. According to an affidavit of service, the amended pleadings were served upon O'Malley on February 7, 2009, by personal service. Ilienko and Sewell appeared for depositions on August 20, 2009. No answers were served on behalf of any of the individual defendants.

The defendants moved for summary judgment dismissing the complaint or, alternatively, pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against Ilienko and Sewell for lack of personal jurisdiction, and pursuant to CPLR 3215 (c) to dismiss the complaint insofar as asserted against O'Malley as abandoned. The Supreme Court denied the defendants' motion.

While a municipality is not an insurer of the safety of those who use its parks (see Curcio v City of New York, 275 NY 20, 23 [1937]), it does have a duty to maintain its parks in a "reasonably safe condition," which includes exercising ordinary care in providing "an adequate degree of general supervision" (Caldwell v Village of Is. Park, 304 NY 268, 273 [1952]; see Williams v City of New York, 71 AD3d 1135, 1137 [2010]). Here, the defendants established their prima facie entitlement to judgment as a

matter of law by submitting evidence demonstrating that the City provided experienced lifeguards to supervise the bathers and that the search for the decedent was performed pursuant to the New York City Department of Parks and Recreation's Beach Safety Plan (*see Curcio v City of New York*, 275 NY at 24; *Bumpher v County of Westchester*, 300 AD2d 525, 526 [2002]).

However, in opposition, the plaintiffs raised triable issues of fact as to whether the lifeguards in attendance at the time of the incident were inattentive or inefficient, and whether the delay in commencing a search for the decedent was a proximate cause of the decedent's death. The defendants contend that the deposition testimony of an eyewitness to the incident that two other members of her party reported the decedent being in distress to the lifeguards before she reported him being in distress, with one of those reports allegedly having been made 45 minutes before the eyewitness's report, was inadmissible hearsay insufficient to defeat their motion. The Supreme Court, however, properly considered that eyewitness's testimony, which was submitted to the court by the plaintiffs. Although hearsay evidence is insufficient to defeat a motion for summary judgment if it is the only evidence submitted (*see Silva v FC Beekman Assoc., LLC*, 92 AD3d 754, 756 [2012]; *Roche v Bryant*, 81 AD3d 707, 708 [2011]; *Roldan v New York Univ.*, 81 AD3d 625, 627 [2011]; *Stock v Otis El. Co.*, 52 AD3d 816, 816-817 [2008]), here, the majority of the eyewitness's testimony was based on her personal observations and, therefore, was not hearsay. The witness testified that the decedent was in apparent distress around 1:00 p.m. when he went under the water without resurfacing, that one of the lifeguards remained on his stand talking to a group of females while the decedent could be observed struggling in the water, that the first lifeguard did not enter the water when the eyewitness informed him that the decedent was in distress, that a second lifeguard who finally entered the water on a board failed to paddle out to where the decedent was last observed before returning to shore, that a distress call was not signaled and the water evacuated until the eyewitness informed a third lifeguard that the decedent was in distress, and that a linked search by about 10 lifeguards was not performed until more than one hour after she initially observed the decedent in distress, which eventually led to the discovery of the decedent around 3:00 or 3:30 p.m. The eyewitness's testimony that one of her friends initially told the first lifeguard that a person was in distress about 45 minutes before the eyewitness spoke to him constituted hearsay, since the eyewitness was not present when that report was made to the first lifeguard. However, that testimony was properly

considered, since it was not the only evidence submitted in opposition to the defendants' motion. Thus, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the complaint.

Moreover, the Supreme Court properly denied that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against Ilienko and Sewell for lack of personal jurisdiction. CPLR 1024 allows for the commencement of an action against an unknown party (see generally Orchard Park Cent. School Dist. v Orchard Park Teachers Assn., 50 AD2d 462, 467 [1976]). While the use of a John Doe designation does not exempt a plaintiff from the requirement of serving process on the intended defendant by an authorized method under CPLR article 3 (see generally Bumpus v New York City Tr. Auth., 66 AD3d 26, 31 [2009]), a defendant may appear informally by actively litigating the action before the court (see Henderson v Henderson, 247 NY 428 [1928]; Taylor v Taylor, 64 AD2d 592 [1978]). When a defendant participates in a lawsuit on the merits, he or she indicates an intention to submit to the court's jurisdiction over the action, and by appearing informally in this manner, the defendant confers in personam jurisdiction on the court (see Rubino v City of New York, 145 AD2d 285 [1989]). Thus, absent a formal "appearance" by a defendant, a defendant may nevertheless appear in an action where his or her counsel communicates a clear intent to participate (see Pendergrast v St. Mary's Hosp., 156 AD2d 436 [1989]).

Here, it is undisputed that Ilienko and Sewell were never served with process. The plaintiffs contend that the defendants' attorney agreed to appear for Ilienko and Sewell and, as a result, they neither personally served the summons and amended complaint upon Ilienko and Sewell, nor moved for leave to enter a default judgment against them. The record establishes that, during the depositions of Ilienko and Sewell, the defendants' counsel appeared on their behalf. Moreover, during the plaintiffs' counsel's questioning of Ilienko about the examination he took to become a City lifeguard, the defendants' counsel stated that the negligent hiring, retention, and training claims would fail in this instance because, "when the city takes a position to represent employees for acts that occurred during the course of their employment . . . the only issue that goes to the jury is negligence on the day of the incident." Consequently, Ilienko's and Sewell's participation in this action and their counsel's statements confirming that he was appearing on their behalf subsequent to the substitution constituted an informal appear-

ance on their behalf and a waiver of any objection to personal jurisdiction (*see Finn v Church for the Art of Living, Inc.*, 90 AD3d 826, 827 [2011]; *USF&G v Maggiore*, 299 AD2d 341, 343 [2002]; *see also Rubino v City of New York*, 145 AD2d at 287-288; *McGowan v Bellanger*, 32 AD2d 293, 295 [1969]).

However, with respect to O'Malley, the record establishes that, after he was served with process on February 7, 2009, the plaintiffs took no steps to seek leave to enter a default judgment against him even though he failed to answer the complaint or otherwise appear in the action. Where, as here, a plaintiff fails to seek leave to enter a default judgment within one year after the default has occurred, the action is deemed abandoned (*see* CPLR 3215 [c]; *Solano v Castro*, 72 AD3d 932 [2010]; *Butindaro v Grinberg*, 57 AD3d 932 [2008]; *County of Nassau v Chmela*, 45 AD3d 722 [2007]; *Kay Waterproofing Corp. v Ray Realty Fulton, Inc.*, 23 AD3d 624, 625 [2005]). To avoid dismissal of the complaint pursuant to CPLR 3215 (c) insofar as asserted against O'Malley, the plaintiffs were required to demonstrate both a reasonable excuse for their delay in seeking a default judgment and that the complaint, insofar as asserted against O'Malley, was potentially meritorious (*see Shinn v City of New York*, 65 AD3d 621, 622-623 [2009]; *Butindaro v Grinberg*, 57 AD3d 932 [2008]; *Staples v Jeff Hunt Devs., Inc.*, 56 AD3d 459 [2008]; *Mattera v Capric*, 54 AD3d 827, 828 [2008]). Here, the plaintiffs failed to demonstrate either.

Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 3215 (c) to dismiss the complaint insofar as asserted against O'Malley as abandoned. Dillon, J.P., Austin, Sgroi and Cohen, JJ., concur.