JPMorgan Chase Bank, N.A. v Lee (2020 NY Slip Op 04543)





JPMorgan Chase Bank, N.A. v Lee


2020 NY Slip Op 04543


Decided on August 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
BETSY BARROS, JJ.


2016-07518
 (Index No. 9767/09)

[*1]JPMorgan Chase Bank, National Association, respondent,
v
Kenneth Lee, appellant, et al., defendants.


Kenneth Lee, Woodmere, NY, appellant pro se.
Bonchonsky & Zaino LLP, Garden City, NY (Peter R. Bonchonsky of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Kenneth Lee appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered March 23, 2016. The order denied that defendant's motion pursuant to CPLR 5015(a)(4) to vacate a judgment of foreclosure and sale of the same court entered June 16, 2015, and to dismiss the complaint insofar as asserted against him pursuant to CPLR 3211(a)(8) for lack of personal jurisdiction and for failure to comply with the statutory notice requirements of RPAPL 1303.
ORDERED that the order entered March 23, 2016, is affirmed, with costs.
In May 2009, the plaintiff commenced this action against, among others, the defendant Kenneth Lee (hereinafter the defendant) to foreclose a mortgage. The defendant failed to timely appear or answer the complaint. After an order of reference was entered on May 20, 2010, the plaintiff moved for a judgment of foreclosure and sale. In opposition to that motion, the defendant served the plaintiff with an affidavit, sworn to September 23, 2010, which contained the caption of this action and stated, at the outset, "[a]ppearing pro se, defendant Kenneth Lee duly sworn deposes and says" (emphasis added). In this affidavit, the defendant argued against the merits of this action relying on allegations of fraud, duress, and unclean hands. The defendant did not raise any issue as to personal jurisdiction or defective service of the papers at that time.
Thereafter, the plaintiff withdrew its motion for a judgment of foreclosure and sale and moved to vacate the May 2010 order of reference and for the issuance of a new order of reference. The defendant executed two stipulations concerning the adjournment of the motion to vacate the order of reference and for the issuance of a new one. A second order of reference was entered on May 12, 2014.
In October 2014, the plaintiff moved a second time for a judgment of foreclosure and sale. The defendant executed a stipulation adjourning this motion. Despite the adjournment, the defendant did not oppose the motion. On June 16, 2015, a judgment of foreclosure and sale was entered.
In November 2015, the defendant moved pursuant to CPLR 5015(a)(4) to vacate the [*2]judgment of foreclosure and sale, and to dismiss the complaint insofar as asserted against him pursuant to CPLR 3211(a)(8) for lack of personal jurisdiction and for failure to comply with the statutory notice requirements of RPAPL 1303. The Supreme Court denied the motion. The defendant appeals.
"A defendant may waive the issue of . . . personal jurisdiction by appearing in an action, either formally or informally, without raising the defense of lack of personal jurisdiction in an answer or pre-answer motion to dismiss" (Cadlerock Joint Venture, L.P. v Kierstedt, 119 AD3d 627, 628). A defendant "may appear informally by actively litigating the action before the court" (Taveras v City of New York, 108 AD3d 614, 617; see Finn v Church for the Art of Living, Inc., 90 AD3d 826, 827). "When a defendant participates in a lawsuit on the merits, he or she indicates an intention to submit to the court's jurisdiction over the action, and by appearing informally in this manner, the defendant confers in personam jurisdiction on the court" (Taveras v City of New York, 108 AD3d at 617).
Here, by opposing the plaintiff's initial motion for a judgment of foreclosure and sale on the merits and seeking adjournments of the subsequent motions, the defendant engaged in significant activity after his statutory time to answer had expired, which amounted to an informal appearance (see HSBC Bank, USA, N.A. v Taub, 170 AD3d 1128, 1130; Aurora Loan Servs., LLC v Colleluori, 170 AD3d 1097, 1098). Consequently, the defendant waived any objection on the ground of lack of personal jurisdiction (see HSBC Bank USA, N.A. v Taub, 170 AD3d at 1130; Aurora Loan Servs., LLC v Colleluori, 170 AD3d at 1098). While this Court recognizes that there appears to have been an issue with the service of process upon the defendant in this action, such issue cannot be considered in light of the waiver.
RPAPL 1303 is a condition precedent to the commencement of a foreclosure action and the failure to comply is a basis for dismissal of a complaint which may be raised at any time while the action is pending (see Eastern Sav. Bank, FSB v Tromba, 148 AD3d 675, 676; First Natl. Bank of Chicago v Silver, 73 AD3d 162, 163). However, "[a] judgment of foreclosure and sale entered against a defendant is final as to all questions at issue between the parties, and concludes all matters of defense which were or might have been litigated in the foreclosure action" (Signature Bank v Epstein, 95 AD3d 1199, 1200 [internal quotation marks omitted]). Here, the defendant did not raise the issue of the plaintiff's purported failure to comply with RPAPL 1303 during the action, but only after the judgment of foreclosure and sale had been entered (see Wells Fargo Bank, N.A. v Coffey, 177 AD3d 1022).
Accordingly, we agree with the Supreme Court's determination to deny the defendant's motion pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale and to dismiss the complaint.
CHAMBERS, J.P., AUSTIN, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court