State Farm Fire & Cas. Co. v Davis (2020 NY Slip Op 51008(U))

[*1]

State Farm Fire & Cas. Co. v Davis

2020 NY Slip Op 51008(U) [68 Misc 3d 133(A)]

Decided on August 28, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 28, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., BERNICE D. SIEGAL, WAVNY
TOUSSAINT, JJ

2019-920 Q C

State Farm Fire and Casualty Company, as
Subrogee of Alisha C. White, Appellant,
against
Stephen L. Davis, Respondent. 

Law Offices of Serpe, Andree & Kaufman (Jonathan H. Kaufman of counsel), for appellant.
Stephen L. Davis, respondent pro se (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Queens County (John C.V.
Katsanos, J.), entered December 13, 2018. The order granted defendant's motion to, among other
things, vacate a judgment of that court entered May 20, 2005 upon defendant's failure to appear
or answer the complaint.

ORDERED that the order is reversed, without costs, and defendant's motion to vacate the
default judgment entered May 20, 2005 is denied.
In this subrogation action, the affidavit of plaintiff's process server stated that he had served
defendant with the summons and complaint in this action pursuant to CPLR 308 (4) by
conspicuous place service to defendant's "last known address" in White Plains, New York, after
making three previous attempts at personal service, and subsequently mailing a copy to the White
Plains address. Following defendant's failure to appear or answer the complaint, a judgment was
entered on May 20, 2005, which awarded plaintiff the principal sum of $9,962.01.
In 2018, defendant moved to vacate the default judgment, interpose an answer, place the case
on the trial calendar, and lift a driver license suspension. In opposing defendant's motion,
plaintiff's counsel alleged that defendant had called counsel's offices in 2011 in order to discuss a
settlement, but that defendant had rejected plaintiff's settlement offer. In defendant's reply papers,
defendant did not deny plaintiff's claim regarding the 2011 communication. In an order entered
December 13, 2018, the Civil Court granted defendant's motion. 
On appeal, plaintiff contends that CPLR 317 does not permit the vacatur of a default
judgment after five years and, implicitly, that defendant's call to plaintiff's counsel in 2011
waived any lack of personal jurisdiction claim. However, plaintiff's affidavit of service contained
in the record on appeal purports to have served the summons only at defendant's "last known
address" and not at defendant's "actual place of business, dwelling place or usual place of abode
within the state," as required for conspicuous place service pursuant to CPLR 308 (4) (see
Feinstein v Bergner, 48 NY2d 234 [1979]). Thus, the affidavit of service failed to establish
that plaintiff ever acquired jurisdiction over defendant and, consequently, CPLR 317 has no
[*2]application here.
Nevertheless, a lack of jurisdiction claim will be deemed waived where a defendant has
implicitly acknowledged the validity of a default judgment or has unreasonably delayed in
moving to vacate the judgment (see Cadlerock Joint Venture, L.P. v Kierstedt, 119 AD3d
627, 628 [2014]; Taveras v City of New York, 108 AD3d 614, 617 [2013]; HSBC
Bank USA, N.A. v A & R Trucking Co., Inc., 66 AD3d 606 [2009]). Here, it is
undisputed that seven years before moving to vacate the judgment, defendant had called
plaintiff's attorney's office in order to negotiate payment of the judgment. Defendant thereby
implicitly acknowledged the existence of the judgment and demonstrated a lack of good faith by
dilatorily asserting his rights.
Accordingly, the order is reversed and defendant's motion to vacate the default judgment
entered May 20, 2005 is denied.
ALIOTTA, P.J., SIEGAL and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 28, 2020