Bayview Loan Servicing, LLC v Zelyakovsky (2022 NY Slip Op 00840)





Bayview Loan Servicing, LLC v Zelyakovsky


2022 NY Slip Op 00840


Decided on February 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
LARA J. GENOVESI, JJ.


2019-03375 
2020-03318
2020-03393
 (Index No. 502041/14)

[*1]Bayview Loan Servicing, LLC, etc., plaintiff-respondent,
v
Gregory Zelyakovsky, et al., appellants, et al., defendants; Noteworthy Foreclosure, LLC, nonparty-respondent. (Appeal No. 1)
Noteworthy Foreclosure, LLC, respondent,
v Gregory Zelyakovsky, et al., appellants, et al., defendants. (Appeal Nos. 2 & 3)


Berg & David, PLLC, Brooklyn, NY (Abraham David and Yehuda C. Morgenstern of counsel), for appellants.
Marc Wohlgemuth & Associates, P.C., Monsey, NY (Jeremy M. Doberman of counsel), for plaintiff-respondent and nonparty-respondent in Appeal No. 1 and respondent in Appeal Nos. 2 and 3.
In an action to foreclose a mortgage, the defendants Gregory Zelyakovsky and Dora Zelyakovsky appeal from (1) an order of the Supreme Court, Kings County (Noach Dear, J.), dated January 16, 2019, (2) an order of same court dated January 16, 2020, and (3) an order and judgment of foreclosure and sale (one paper) of the same court, also dated January 16, 2020. The order dated January 16, 2019, insofar as appealed from, denied those branches of those defendants' cross motion which were to vacate the default of the defendant Dora Zelyakovsky, and thereupon, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her, granted the motion of Noteworthy Foreclosure, LLC, the successor in interest of Bayview Loan Servicing, LLC, to confirm a report and recommendation of a Court Attorney Referee (Derefim Neckles, Ct. Atty. Ref.) dated September 19, 2018, made after a hearing to determine the validity of service of process against the defendant Dora Zelyakovsky, and denied those defendants' cross motion to reject the report and recommendation of the Court Attorney Referee. The order dated January 16, 2020, inter alia, calculated the amount due and owing to Noteworthy Foreclosure, LLC, and granted its motion, among other things, for a judgment of foreclosure and sale. The order and judgment of foreclosure and sale, upon the orders dated January 16, 2019, and January 16, 2020, inter alia, directed the sale of the subject property.



DECISION & ORDER
Motion by Noteworthy Foreclosure, LLC, inter alia, to dismiss the appeal from the order dated January 16, 2019, on the ground that the right of direct appeal therefrom terminated upon [*2]the entry of the order and judgment of foreclosure and sale in the action. By decision and order on motion of this Court dated June 22, 2020, that branch of the motion which is to dismiss the appeal from the order dated January 16, 2019, was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is
ORDERED that the branch of the motion of Noteworthy Foreclosure, LLC, which is to dismiss the appeal from the order dated January 16, 2019, on the ground that the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action is granted; and it is further,
ORDERED that the appeals from the orders dated January 16, 2019, and January 16, 2020, are dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the respondents.
The appeals from the orders must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised in the appeals from the orders are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
In March 2014, Bayview Loan Servicing, LLC (hereinafter Bayview), commenced this action against Gregory Zelyakovsky and Dora Zelyakovsky (hereinafter together the defendants), among others, to foreclose a mortgage on real property in Brooklyn. The defendants failed to interpose an answer.
In July 2017, Noteworthy Foreclosure, LLC (hereinafter Noteworthy), Bayview's successor in interest, moved, among other things, to confirm the report of a referee who had been appointed to calculate the total amount due and owing under the mortgage and for a judgment of foreclosure and sale. The defendants cross-moved, inter alia, to vacate their default in appearing and answering, and thereupon, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them on the ground of lack of personal jurisdiction. The Supreme Court referred the matter to a Court Attorney Referee for a hearing to determine the validity of service of process, and held the motion and cross motion in abeyance.
After conducting a hearing, the Court Attorney Referee issued a report and recommendation dated September 19, 2018, in which it found that Bayview had established by a preponderance of the evidence that the defendants were properly served. Noteworthy moved to confirm the report and recommendation, and the defendants cross-moved to reject it.
In an order dated January 16, 2019, the Supreme Court, inter alia, denied those branches of the defendants' cross motion which were to vacate their default, and thereupon, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them, granted Noteworthy's motion to confirm the Court Attorney Referee's report and recommendation, and denied the defendants' cross motion to reject it. In an order dated January 16, 2020, the court, among other things, calculated the amount due and owing to Noteworthy. In an order and judgment of foreclosure and sale, the court, inter alia, directed the sale of the subject property. The defendants appeal.
Contrary to Noteworthy's contention, the defendants did not waive the issue of personal jurisdiction by informally appearing in this matter without raising that defense. "A defendant may waive the issue of . . . personal jurisdiction by appearing in an action, either formally [*3]or informally, without raising the defense of lack of personal jurisdiction in an answer or pre-answer motion to dismiss" (JPMorgan Chase Bank, N.A. v Lee, 186 AD3d 685, 686 [internal quotation marks omitted]). "A defendant may appear informally by actively litigating the action before the court" (Taveras v City of New York, 108 AD3d 614, 617). "When a defendant participates in a lawsuit on the merits, he or she indicates an intention to submit to the court's jurisdiction over the action, and by appearing informally in this manner, the defendant confers in personam jurisdiction on the court" (JPMorgan Chase Bank, N.A. v Lee, 186 AD3d at 686 [internal quotation marks omitted]).
Here, Noteworthy failed to establish that the defendants waived the defense of lack of personal jurisdiction by informally appearing. In opposition to the defendants' cross motion, inter alia, to vacate their default, Noteworthy contended that the defendants had appeared at "multiple" court conferences. But, at the same time, Noteworthy acknowledged that it was "not clear" "exactly" how many conferences the defendants had attended. Moreover, Noteworthy failed to specify the nature of these conferences, and it appears that some of the conferences to which Noteworthy referred to were mandatory settlement conferences, the attendance at which does "not constitute active litigation of the action or participation in the action on the merits" (PennyMac Corp. v Barbosa, 189 AD3d 863, 864). Accordingly, the defendants did not waive the defense of lack of personal jurisdiction by making an informal appearance. Furthermore, under the circumstances of this case, we disagree with Noteworthy's contention that the defendants waived the particular issue that they raise on appeal: that Bayview did not establish at the hearing to determine the validity of service of process that the mailing required by CPLR 308(2) was completed with respect to Dora Zelyakovsky.
Nonetheless, on the merits, the Supreme Court properly confirmed the Court Attorney Referee's finding that Dora Zelyakovsky was properly served with the summons and complaint (see CPLR 4403; CIT Bank, N.A. v Schiffman, 36 NY3d 550, 556). Accordingly, we affirm the order and judgment of foreclosure and sale.
BARROS, J.P., CHAMBERS, ZAYAS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court