HSBC Bank USA, N.A. v Whitelock (2023 NY Slip Op 01500)

HSBC Bank USA, N.A. v Whitelock

2023 NY Slip Op 01500

Decided on March 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH A. ZAYAS
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2019-10959
 (Index No. 16517/07)

[*1]HSBC Bank USA, National Association, etc., respondent, 
v
Roy S. Whitelock, appellant, et al., defendants.

H. Fitzmore Harris, P.C., Bronx, NY, for appellant.
Frenkel Lambert Weiss Weisman & Gordon, LLP, Bay Shore, NY (Keith L. Abramson and Ruth O'Connor of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Roy S. Whitelock appeals from an order of the Supreme Court, Kings County (Debra Silber, J.), dated April 11, 2019. The order denied that defendant's motion, inter alia, pursuant to CPLR 5015(a)(3) and (4) to vacate a judgment of foreclosure and sale of the same court (Gerard H. Rosenberg, J.) dated September 10, 2009, entered upon that defendant's failure to appear or answer the complaint.
ORDERED that the order is affirmed, with costs.
The procedural history of this action can be found in our decision and order on a prior appeal in this action (see Wells Fargo Bank, N.A. v Whitelock, 154 AD3d 906). Briefly stated, in May 2007, Wells Fargo Bank, N.A. (hereinafter Wells Fargo), commenced this action against the defendant Roy S. Whitelock (hereinafter the defendant), among others, to foreclose a mortgage. The defendant did not appear in the action, and a judgment of foreclosure and sale dated September 10, 2009, was entered upon his default. By order to show cause dated January 15, 2013, the defendant moved pro se to vacate the judgment of foreclosure and sale (hereinafter the January 2013 motion). The January 2013 motion was subsequently marked off the calendar when the defendant failed to appear on the return date. On February 20, 2013, the defendant submitted a second order to show cause to vacate the judgment of foreclosure and sale. The Supreme Court declined to sign this second order to show cause on the grounds, among others, that the defendant failed to set forth a reasonable excuse for failing to appear on the return date of the January 2013 motion, and the judgment of foreclosure and sale was more than three years old.
By notice of motion dated July 9, 2013, the defendant, now represented by counsel, moved pursuant to CPLR 317 and 5015(a) to vacate the judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against him (hereinafter the July 2013 motion). Wells Fargo failed to oppose the July 2013 motion. In an order dated September 26, 2013 (hereinafter the September 2013 order), the Supreme Court, inter alia, granted the July 2013 motion upon Wells Fargo's default and vacated the judgment of foreclosure and sale. On the prior appeal, in a decision and order dated October 18, 2017, this Court, among other things, vacated the September 2013 order on the ground that the defendant failed to establish that the July 2013 motion was served on Wells [*2]Fargo, and dismissed the July 2013 motion (see Wells Fargo Bank, N.A. v Whitelock, 154 AD3d at 907).
The defendant took no further action between October 2017 and February 2019 to vacate the judgment of foreclosure and sale. In the meantime, by notice of motion dated April 3, 2018, Wells Fargo moved to amend the caption to substitute HSBC Bank USA, National Association (hereinafter HSBC), as the plaintiff (hereinafter the April 2018 motion). The defendant opposed the April 2018 motion, arguing that Wells Fargo lacked standing to commence this action in 2007 because it had assigned the note to HSBC in 2006, the defendant would suffer prejudice if the April 2018 motion were granted because Wells Fargo had "misled" the Supreme Court into believing that Wells Fargo had standing to maintain this action, and the statute of limitations had expired. No affirmative objection to personal jurisdiction was raised by the defendant at that time. In an order dated September 6, 2018, the court granted the April 2018 motion. Thereafter, by order to show cause dated February 8, 2019, the defendant moved, inter alia, pursuant to CPLR 5015(a)(3) and (4) to vacate the judgment of foreclosure and sale. In an order dated April 11, 2019, the court denied the defendant's motion, and the defendant appeals from that order. We affirm, albeit on grounds different from those relied upon by the court.
"A defendant may waive the issue of lack of personal jurisdiction by appearing in an action, either formally or informally, without raising the defense of lack of personal jurisdiction in an answer or pre-answer motion to dismiss" (Cadlerock Joint Venture, L.P. v Kierstedt, 119 AD3d 627, 628; see CPLR 320[b]; Bayview Loan Servicing, LLC v Zelyakovsky, 202 AD3d 738, 741; JPMorgan Chase Bank, N.A. v Lee, 186 AD3d 685, 686). "[A]bsent a formal 'appearance' by a defendant, a defendant may nevertheless appear in an action where his or her counsel communicates a clear intent to participate" (Taveras v City of New York, 108 AD3d 614, 617). "A defendant 'may appear informally by actively litigating the action before the court'" (Eastern Sav. Bank, FSB v Campbell, 167 AD3d 712, 714, quoting Taveras v City of New York, 108 AD3d at 617). "'When a defendant participates in a lawsuit on the merits, he or she indicates an intention to submit to the court's jurisdiction over the action, and by appearing informally in this manner, the defendant confers in personam jurisdiction on the court'" (Eastern Sav. Bank, FSB v Campbell, 167 AD3d at 714, quoting Taveras v City of New York, 108 AD3d at 617; see U.S. Bank N.A. v Cadoo, 197 AD3d 588, 589; JPMorgan Chase Bank, N.A. v Lee, 186 AD3d at 686).
Here, the defendant waived his objection to personal jurisdiction by opposing the April 2018 motion to amend the caption on the grounds, among others, that Wells Fargo lacked standing to commence this action, without also asserting an affirmative objection to jurisdiction at that time (see JPMorgan Chase Bank, N.A. v Lee, 186 AD3d 685; Taveras v City of New York, 108 AD3d at 618; see also Residential Credit Solution, Inc. v Guzman, 178 AD3d 1109, 1110; HSBC Bank USA, N.A. v Taub, 170 AD3d 1128, 1130). Contrary to the defendant's contention, under the circumstances of this case, neither his January 2013 motion nor his July 2013 motion were sufficient to preserve his defense of lack of personal jurisdiction such that the defendant could thereafter freely participate in the action without subjecting himself to the Supreme Court's jurisdiction (see CPLR 3018, 3211[e]; Wilmington Trust Co. v Valdivieso, 207 AD3d 783, 785; Lefkowitz v Kaye, Scholer, Fierman, Hays & Handler, 271 AD2d 576, 578).
The defendant's remaining contentions either are without merit or need not be reached in light of our determination.
DILLON, J.P., ZAYAS, DOWLING and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court