Board of Mgrs. of the Residential Section of Galleria Condominium v Hong (2023 NY Slip Op 05655)

 Board of Mgrs. of the Residential Section of Galleria Condominium v Hong

2023 NY Slip Op 05655

Decided on November 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 09, 2023

Before: Webber, J.P., Friedman, González, Kennedy, O'Neill Levy, JJ. 

Index No. 157493/21 Appeal No. 987-988 Case No. 2022-02599, 2023-00369 

[*1]The Board of Managers of the Residential Section of Galleria Condominium, Plaintiff-Respondent,
v
Anna Hong, Defendant-Appellant, "John Doe" et al., Defendants. 

Anna Hong, appellant pro se.
Armstrong Teasdale LLP, New York (Allyson P. Stavis of counsel), for respondent.

Order, Supreme Court, New York County (Alexander M. Tisch, J.), entered April 8, 2022, which, to the extent appealed from as limited by the briefs, denied defendant's motion to compel plaintiff to produce its annual reports, and order, same court and Justice, entered January 13, 2023, which denied defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a)(1), (7), and (8), unanimously affirmed, with costs.
In this action commenced in 2021, plaintiff seeks to foreclose on its lien on defendant's condominium and to recover over $72,000 in unpaid common charges. In support of her motion to dismiss, defendant submitted evidence demonstrating that plaintiff charged her $6,000 in fines and penalties in 2011, to which she objected, and then improperly and belatedly applied her May 2018 common charge payment to those fines. However, plaintiff represents that it has waived any claim to recover the $6,000, and only seeks to recover the common charges that defendant has not paid since mid-2018. Accordingly, the documentary evidence submitted does not utterly refute plaintiff's claims seeking to recover the unpaid common charges (see Goshen v Mutual Life Ins. Co. of N. Y., 98 NY2d 314, 326 [2002]). Defendant's contentions that plaintiff and its attorneys have engaged in improper debt collection activity, violated General Business Law § 349(a), or engaged in other improper or sanctionable conduct, does not support dismissal of the complaint (see Vescon Constr., Inc. v Gerelli Ins. Agency, Inc., 97 AD3d 658 [2d Dept 2012], lv denied 20 NY3d 861 [2013]).
As for defendant's claim that she was not properly served with the summons and complaint, defendant made a motion to compel plaintiff to produce its annual reports. By appearing in the action, litigating on the merits of her disputes with plaintiff, and seeking affirmative relief, she conferred personal jurisdiction on the court (see Rubino v City of New York, 145 AD2d 285, 289 [1st Dept 1989]). Finally, the motion court providently denied defendant's motion to compel production of plaintiff's annual reports without prejudice, as defendant had not identified how such information is relevant to this lien foreclosure action (see CPLR 3101).
We have considered defendant's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 9, 2023