Deutsche Bank Natl. Trust Co. v Medford (2025 NY Slip Op 00082)

Deutsche Bank Natl. Trust Co. v Medford

2025 NY Slip Op 00082

Decided on January 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LINDA CHRISTOPHER, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2022-08300
 (Index No. 707161/16)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Yolande Medford, etc., appellant, et al., defendants.

The Law Office of Alexander Paykin, P.C., New York, NY, for appellant.
LOGS Legal Group LLP, Rochester, NY (Virginia C. Grapensteter of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Yolande Medford appeals from an order of the Supreme Court, Queens County (Joseph J. Esposito, J.), entered July 27, 2022. The order denied the, in effect, renewed motion of that defendant pursuant to CPLR 5015(a)(1) and, in effect, pursuant to CPLR 5015(a)(4) to vacate so much of an order of the same court (Janice A. Taylor, J.) dated July 24, 2018, as granted that branch of the plaintiff's motion which was for leave to enter a default judgment against that defendant upon her failure to answer the complaint, and for leave to serve a late answer.
ORDERED that the order entered July 27, 2022, is affirmed, with costs.
In June 2016, the plaintiff commenced this action to foreclose a mortgage on real property located in Queens against, among others, the defendant Yolande Medford (hereinafter the defendant). The defendant failed to answer the complaint. By order dated July 24, 2018, the Supreme Court granted the plaintiff's motion, inter alia, for leave to enter a default judgment against the defendant (hereinafter the July 2018 order).
Thereafter, the defendant moved by order to show cause pursuant to CPLR 5015(a)(1) and, in effect, pursuant to CPLR 5015(a)(4) to vacate so much of the July 2018 order as granted that branch of the plaintiff's motion which was for leave to enter a default judgment against her, and for leave to serve a late answer. In an order dated April 13, 2022, the Supreme Court, in effect, denied the motion, determining that it did not have jurisdiction to hear the motion because the defendant failed to serve the motion papers pursuant to the method authorized in the order to show cause.
In May 2022, the defendant made, in effect, a renewed motion pursuant to CPLR 5015(a)(1) and, in effect, pursuant to CPLR 5015(a)(4) to vacate so much of the July 2018 order as granted that branch of the plaintiff's motion which was for leave to enter a default judgment against her, and for leave to serve a late answer. In an order entered July 27, 2022, the Supreme Court denied the defendant's motion. The defendant appeals. We affirm, albeit on different grounds than that relied upon by the court.
As the defendant's motion pursuant to CPLR 5015(a)(1) and, in effect, pursuant to CPLR 5015(a)(4) to vacate so much of the July 2018 order as granted that branch of the plaintiff's motion which was for leave to enter a default judgment against her was, in effect, a renewed motion, it should have been decided on the merits. The Supreme Court should not have designated that motion as one for leave to reargue and denied it on the ground, among others, that the defendant failed to set forth any facts or law allegedly overlooked or misapprehended by the court. However, since the parties litigated the merits of that motion in the Supreme Court and fully briefed those issues on appeal, we will consider the merits of that motion in the interest of judicial economy rather than remitting the matter to the Supreme Court for it to do so (see Kamil El-Deiry & Assoc. CPA, PLLC v Excellent Home Care Servs., LLC, 208 AD3d 1170, 1171).
Insofar as the defendant moved, in effect, pursuant to CPLR 5015(a)(4) to vacate so much of the July 2018 order as granted that branch of the plaintiff's motion which was for leave to enter a default judgment against her for lack of personal jurisdiction due to improper service of process, the defendant waived any objection based on lack of personal jurisdiction. "When a defendant participates in a lawsuit on the merits, he or she indicates an intention to submit to the court's jurisdiction over the action, and by appearing informally in this manner, the defendant confers in personam jurisdiction on the court" (JPMorgan Chase Bank, N.A. v Lee, 186 AD3d 685, 686 [internal quotation marks omitted]; see HSBC Bank USA, N.A. v Taub, 170 AD3d 1128, 1129). Here, by opposing the plaintiff's motion, among other things, for a judgment of foreclosure and sale on the merits, the defendant engaged in significant activity after her statutory time to answer had expired, which amounted to an informal appearance (see JPMorgan Chase Bank, N.A. v Lee, 186 AD3d at 686-687; HSBC Bank USA, N.A. v Taub, 170 AD3d at 1130). Moreover, the defendant's daughter, the attorney-in-fact of the defendant, attested that she appeared at all court appearances on the defendant's behalf, thus demonstrating that the defendant appeared informally by actively litigating the action (see Taveras v City of New York, 108 AD3d 614, 617-618). Therefore, the defendant waived any objection based on lack of personal jurisdiction (see JPMorgan Chase Bank, N.A. v Lee, 186 AD3d at 687; Taveras v City of New York, 108 AD3d at 618).
Insofar as the defendant moved pursuant to CPLR 5015(a)(1) to vacate so much of the July 2018 order as granted that branch of the plaintiff's motion which was for leave to enter a default judgment against her, she was required to demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action. However, the defendant failed to establish a reasonable excuse for her default. Contrary to the defendant's contention, "reliance on incorrect or incomplete advice of prior counsel constituted a misguided strategy, not law office failure" (Bank of N.Y. Mellon Trust Co., N.A. v Talukder, 176 AD3d 772, 774; see Bank of N.Y. Mellon v Colucci, 138 AD3d 1047, 1048).
Since the defendant failed to establish a reasonable excuse for her default, it is unnecessary to determine whether she demonstrated a potentially meritorious defense to the action (see Bank of N.Y. Mellon v Colucci, 138 AD3d at 1048).
Accordingly, the, in effect, renewed motion of the defendant pursuant to CPLR 5015(a)(1) and, in effect, pursuant to CPLR 5015(a)(4) to vacate so much of the July 2018 order as granted that branch of the plaintiff's motion which was for leave to enter a default judgment against her, and for leave to serve a late answer was properly denied.
CHRISTOPHER, J.P., MILLER, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court