Wells Fargo Bank, N.A. v Hosseinipour (2025 NY Slip Op 00697)

Wells Fargo Bank, N.A. v Hosseinipour

2025 NY Slip Op 00697

Decided on February 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
BETSY BARROS
LILLIAN WAN
CARL J. LANDICINO, JJ.

2022-03697
 (Index No. 713859/20)

[*1]Wells Fargo Bank, N.A., etc., respondent,
v
Esmaeil Hosseinipour, appellant, et al., defendants.

Mordente Law Firm, LLC, Fresh Meadows, NY (Anthony R. Mordente of counsel), for appellant.
Reed Smith LLP, New York, NY (Andrew B. Messite and Yimell M. Suarez Abreu of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Esmaeil Hosseinipour appeals from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), entered March 7, 2022. The order denied that defendant's motion, inter alia, pursuant to CPLR 5015(a)(4) and 3211(a)(8) to vacate an order of reference of the same court (Jaime A. Rios, J.) dated December 5, 2006, and a judgment of foreclosure and sale of the same court (Jaime A. Rios, J.) dated April 16, 2007, both entered upon that defendant's failure to appear or answer the complaint, and to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, or, in the alternative, for a hearing to determine the validity of service of process upon him.
ORDERED that the order is affirmed, with costs.
In September 2006, the plaintiff commenced this action against the defendant Esmaeil Hosseinipour (hereinafter the defendant), among others, to foreclose a mortgage encumbering certain real property located in Queens (hereinafter the property). Although the plaintiff purportedly served the defendant pursuant to CPLR 308(2), the defendant failed to appear or answer the complaint. Thereafter, without opposition, the Supreme Court issued an order of reference and a judgment of foreclosure and sale.
In August 2016, the plaintiff moved, inter alia, to substitute nunc pro tunc a replacement affidavit of merit and amount due and to confirm the order of reference and the judgment of foreclosure and sale. The defendant opposed the motion. By order dated November 29, 2016, the Supreme Court granted the plaintiff's motion. Thereafter, the plaintiff moved for the appointment of a substitute referee. The defendant once again opposed the motion, contending that the action should be deemed abandoned. By order dated October 9, 2019, the court granted the plaintiff's motion and appointed a substitute referee.
Prior to the scheduled sale of the property, the defendant moved, among other things, pursuant to CPLR 5015(a)(4) and 3211(a)(8) to vacate the order of reference and the judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, or, in the alternative, for a hearing to determine the validity of service of process. By order entered March 7, 2022, the Supreme Court denied the motion. The defendant appeals.
"A defendant may waive the issue of lack of personal jurisdiction by appearing in an action, either formally or informally, without raising the defense of lack of personal jurisdiction in an answer or pre-answer motion to dismiss" (Cadlerock Joint Venture, L.P. v Kierstedt, 119 AD3d 627, 628; see CPLR 320[b]; Bayview Loan Servicing, LLC v Zelyakovsky, 202 AD3d 738, 741). "[A]bsent a formal 'appearance' by a defendant, a defendant may nevertheless appear in an action where his or her counsel communicates a clear intent to participate" (Taveras v City of New York, 108 AD3d 614, 617). "A defendant 'may appear informally by actively litigating the action before the court'" (Eastern Sav. Bank, FSB v Campbell, 167 AD3d 712, 714, quoting Taveras v City of New York, 108 AD3d at 617). "'When a defendant participates in a lawsuit on the merits, he or she indicates an intention to submit to the court's jurisdiction over the action, and by appearing informally in this manner, the defendant confers in personam jurisdiction on the court'" (id., quoting Taveras v City of New York, 108 AD3d at 617; see U.S. Bank N.A. v Cadoo, 197 AD3d 588, 589).
Here, the defendant waived his objection to personal jurisdiction by opposing the plaintiff's motions, inter alia, for the appointment of a substitute referee on various grounds allegedly warranting dismissal of the complaint, without also asserting an affirmative objection to jurisdiction (see U.S. Bank N.A. v Shin, 224 AD3d 933; HSBC Bank USA, N.A. v Whitelock, 214 AD3d 855, 856).
The defendant's remaining contentions are without merit.
Accordingly, the Supreme Court properly denied the defendant's motion, among other things, pursuant to CPLR 5015(a)(4) and 3211(a)(8) to vacate the order of reference and the judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction or, in the alternative, for a hearing to determine the validity of service of process upon him.
DUFFY, J.P., BARROS, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court