U.S. Bank Trust N.A. v Gordon (2025 NY Slip Op 01254)

U.S. Bank Trust N.A. v Gordon

2025 NY Slip Op 01254

Decided on March 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BARRY E. WARHIT
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2023-07553
 (Index No. 507723/15)

[*1]U.S. Bank Trust N.A., etc., respondent,
v
Isra Gordon, etc., appellant., et al., defendants.

Alice A. Nicholson, Brooklyn, NY, for appellant.
Stern & Eisenberg, P.C., Lagrangeville, NY (Arsenio D. Rodriguez of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Isra Gordon appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated December 28, 2022. The order granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Isra Gordon and for an order of reference and denied that defendant's cross-motion for leave to renew that branch of her prior motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction, which had been denied in an order of the same court (Noach Dear, J.) dated December 4, 2019.
ORDERED that the order dated December 28, 2022, is affirmed, with costs.
In this mortgage foreclosure action, the defendant Isra Gordon (hereinafter the defendant) moved to vacate an order of reference dated July 24, 2018, and pursuant to CPLR 3211(a)(8) dismiss the complaint insofar as asserted against her for lack of personal jurisdiction. In an order dated December 4, 2019, the Supreme Court, inter alia, granted that branch of the defendant's motion which was to vacate the order of reference but denied that branch of the defendant's motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction. The court determined, among other things, that the defendant had waived the defense of lack of personal jurisdiction.
In January 2020, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendant and for an order of reference. The defendant opposed the motion, in effect, on the ground that she did not default in the action because she was never properly served with the summons and complaint, and cross-moved for leave to renew that branch of her prior motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction. In an order dated December 28, 2022, the Supreme Court granted those branches of the plaintiff's motion and denied the defendant's cross-motion. The defendant appeals.
The Supreme Court properly granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant and for an order of reference. Contrary to the defendant's contention, the plaintiff established that the defendant waived the defense of lack of personal jurisdiction. "A defendant may waive the issue of lack of personal [*2]jurisdiction by appearing in an action, either formally or informally, without raising the defense of lack of personal jurisdiction in an answer or pre-answer motion to dismiss" (Cadlerock Joint Venture, L.P. v Kierstedt, 119 AD3d 627, 628). Here, the defendant engaged in significant activity after her statutory time to answer had expired sufficient to warrant a finding that she had acknowledged the jurisdiction of the court without preserving her objection based on improper service (see Globe Trade Cap., LLC v Hoey, 199 AD3d 769, 770; Deutsche Bank Natl. Tr. Co. v Hall, 185 AD3d 1006, 1010; cf. Bayview Loan Servicing, LLC v Zelyakovsky, 202 AD3d 738, 741).
The Supreme Court also properly denied the defendant's cross-motion for leave to renew that branch of her prior motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction. A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (id. § 2221[e][2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (id. § 2221[e][3]; see Carmike Holding I, LLC v Smith, 180 AD3d 744, 747). "A motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (Worrell v Parkway Estates, LLC, 43 AD3d 436, 437; see Carmike Holding I, LLC v Smith, 180 AD3d at 747). Here, the defendant failed to present any new facts not offered on her prior motion or demonstrate a change in the law that would have changed the prior determination.
In light of our determination, we need not reach the defendant's remaining contention.
DILLON, J.P., WARHIT, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court