Matter of Weiss v County of Suffolk (2025 NY Slip Op 02210)

Matter of Weiss v County of Suffolk

2025 NY Slip Op 02210

Decided on April 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
CARL J. LANDICINO
PHILLIP HOM, JJ.

2023-07934
 (Index No. 607914/23)

[*1]In the Matter of Patricia Weiss, appellant,
v
County of Suffolk, et al., respondents.

Patricia Weiss, Sag Harbor, NY, appellant pro se.

DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 and action for declaratory relief, the petitioner/plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (James F. Quinn, J.), dated August 21, 2023. The order and judgment, sua sponte, dismissed the proceeding/action on the ground that the respondents/defendants had not been properly served and, in effect, denied, as academic, the respondents/defendants' cross-motion pursuant to CPLR 3211(a)(1) and (7) to dismiss the petition/complaint.
ORDERED that the order and judgment is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for a determination on the merits of the respondents/defendants' cross-motion pursuant to CPLR 3211(a)(1) and (7) to dismiss the petition/complaint.
The petitioner/plaintiff (hereinafter the petitioner) commenced this hybrid proceeding pursuant to CPLR article 78, inter alia, to compel the production of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6), and action for declaratory relief. The respondents/defendants (hereinafter the respondents) cross-moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the petition/complaint. In an order and judgment dated August 21, 2023, the Supreme Court, sua sponte, dismissed the proceeding/action on the ground that the respondents had not been properly served and, in effect, denied the respondents' cross-motion as academic. The petitioner appeals.
The Supreme Court should not have, sua sponte, dismissed the proceeding/action on the ground of a defect in service. Lack of personal jurisdiction is an affirmative defense that can be waived by, among other things, "appearing in an action, either formally or informally, without raising the defense of lack of personal jurisdiction in an answer or pre-answer motion to dismiss" (Cadlerock Joint Venture, L.P. v Kierstedt, 119 AD3d 627, 628; see CPLR 320[b], 3211[e]; Bayview Loan Servicing, LLC v Zelyakovsky, 202 AD3d 738, 741). "When a defendant participates in a lawsuit on the merits, he or she indicates an intention to submit to the court's jurisdiction over the action, and by appearing informally in this manner, the defendant confers in personam jurisdiction on the court" (Taveras v City of New York, 108 AD3d 614, 617; see HSBC Bank USA, N.A. v Whitelock, 214 AD3d 855, 856).
Since the respondents did not object to the Supreme Court's jurisdiction over them in an answer or in their cross-motion pursuant to CPLR 3211(a)(1) and (7) to dismiss the [*2]petition/complaint, the court should not have, sua sponte, raised the issue of the propriety of service (see Deutsche Bank Natl. Trust Co. v Carnevale, 221 AD3d 963, 964; DLJ Mtge. Capital, Inc. v Ramnarine, 177 AD3d 854, 855). Further, the respondents waived any objection to the propriety of service by appearing in the proceeding/action and cross-moving to dismiss the petition/complaint without raising the defense of lack of personal jurisdiction (see Adesso v Shemtob, 70 NY2d 689, 690; HSBC Bank USA, N.A. v Whitelock, 214 AD3d at 856; Residential Credit Solutions, Inc. v Guzman, 178 AD3d 1109, 1110-1111). Accordingly, the court erred in, sua sponte, dismissing the proceeding/action on the ground that the respondents had not been properly served.
Since the respondents' cross-motion pursuant to CPLR 3211(a)(1) and (7) to dismiss the petition/complaint was, in effect, denied as academic, we remit the matter to the Supreme Court, Suffolk County, for a determination on the merits of the cross-motion (see Deutsche Bank Natl. Trust Co. v Khalil, 208 AD3d 555, 558; Singh v Sukhu, 180 AD3d 837, 840-841).
GENOVESI, J.P., BRATHWAITE NELSON, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court